STATE OF MINNESOTA *vs.* WILLIAM A. McGUIRE and others.

November 12, 1889.

**Recognizance—Pleading.**—A complaint in an action on a recognizance considered, and *held* sufficient.

Appeal by defendant McGuire from an order of the district court for Ramsey county, *Vilas*, J., presiding, striking out his demurrer to the complaint. The other defendants appeal from an order overruling their demurrer. The complaint, after reciting the indictment of the defendant Markle and his arraignment, alleged "that thereafter, on the 9th day of October, A. D. 1888, the said defendant Markle duly appeared in and before said court during a general session or term thereof, and duly entered into a recognizance in open court with four sureties," (naming the defendants, and describing the recognizance by reference to a copy attached to the complaint, marked "Exhibit A;") "that said recognizance was thereupon duly filed in

said district court, and the same made a part of the records of said court." Then followed allegations of the failure of defendant Markle and the sureties to appear and respond when the case was called for trial, and the entry of record of the forfeiture of the recognizance, and the default of defendants. Exhibit A is as follows: "Recognizance. You, William Markle, as principal, and George N. Turner, John N. Burnhold, Alverado Richardson, and William McGuire, as sureties, are firmly bound unto the state of Minnesota in the sum of eight thousand dollars, lawful money of the United States, to be levied of your and each of your goods, lands, and tenements, if default be made, conditional as follows: That if you, the said William Markle, shall be and appear at the present term of this court, October 15, 1888, to answer and stand trial upon a certain indictment, presented against you by the grand jury of this county, of the crime of rape, and not depart the court without leave, and stand and abide by any order of court in the matter of said indictment, then this recognizance to be void; otherwise, in full force and effect."

*E. F. Lane* and *Benton, Plumley & Healy,* for appellants.

*J. J. Egan* and *M. D. Munn,* for the State.

MITCHELL, J. This is an action on a recognizance in a criminal case, entered into in open court by the appellants, as sureties, with one Markle, as principal. All of the appellants joined in a demurrer to the complaint on the ground that it did not state a cause of action. The issue of law on this demurrer was, as to all the appellants except McGuire, brought on for hearing March 30, 1889, and the demurrer was, as to them, overruled, with leave to answer in 20 days, on condition that they pay $10 costs, and that the cause be placed on the ensuing May term calendar of the court. On April 20, 1889, on motion of the state, the demurrer was, as to McGuire, stricken out as frivolous, and judgment ordered against him, unless within five days he filed an affidavit of merits, and answered within 10 days; and upon the further condition that the cause be placed on the ensuing May term calendar of the court, without further notice. The appeals are from these two orders.

A recognizance differs from a bond in this: that while the latter, which is attested by the signature and seal of the obligor, creates a

fresh or new obligation, the former is an acknowledgment on record of an already existing debt, with condition to be void on performance of the thing stipulated, and attested by the record of the court alone, and not by the obligor's signature and seal. It is undoubtedly essential that it be a matter of record, and that it contain and express in the body of it the material parts of the obligation and condition; and, if deficient in this respect, the record cannot be aided by parol. In an action of debt on a recognizance at common law, the utmost strictness that was ever required was that the declaration should state it with certainty, pursuing the description in the entry of recognizance, and should allege in what court, and at whose suit, and for what sum the defendants acknowledged themselves obligated; also that it should be averred that it is a record, and the breach stated according to the terms of the recognizance. We cannot see wherein the complaint in this action fails to comply with a single one of these requirements. The demurrer was properly overruled. The only question that can admit of any possible doubt is whether the demurrer was so clearly and palpably untenable as to justify its being stricken out, as to McGuire, as frivolous. But inasmuch as, in view of the order of the court allowing him to answer over on certain conditions, it made no practical difference to him whether the demurrer was overruled or stricken out, we are not inclined to be very critical in considering the particular process by which the court reached the result.

Orders in both appeals affirmed.