## CHARLES D. BAKER *vs.* JAMES TAYLOR.

Submitted on briefs May 31, 1893.   Reversed June 29, 1893.

**Declarations against Interest—When Competent Evidence.**

Certain evidence *held* admissible as the declarations, against interest, of a person since deceased.

**Purchaser from a Mere Bailee Acquires no Title.**

The mere fact that the owner of property has intrusted the possession of it to another will not estop him from asserting his ownership against one who purchases from the bailee in the belief that such bailee was the owner.

Appeal by defendant, James Taylor, from an order of the District Court of Otter Tail County, *D. B. Searle*, J., made August 26, 1892, denying his motion for a new trial.

On April 23, 1886, Mortimer Taylor, defendant's son, sold to Phineas Dibbs, a mare then with foal, reserving the foal, and allowing Dibbs twenty-five dollars to raise it.   The colt was born two or three weeks later, and was raised by Dibbs.   In October and November, 1886, Dibbs mortgaged the colt with other property to the plaintiff, Charles D. Baker, to secure a debt.   A new mortgage was given in September, 1888, by Dibbs to plaintiff in renewal, on the same property, to secure the same debt.   Dibbs died September 29, 1888.   In May, 1886, Dibbs said to Mortimer Taylor in the presence of two witnesses:   "I would not give you $5 for your colt."   In July, 1886, Dibbs told a Mrs. Taylor that he did not own the colt; that Mortimer had reserved it, when he sold him the mare.

In the Fall of 1891, Mortimer Taylor took possession of the colt, and brought it to defendant's farm.   Plaintiff demanded it of defendant, and, being refused, brought this replevin action to obtain it or $75, its value, in case a return could not be had.   Defendant answered, denying that plaintiff owned the colt.   On the trial in May, 1892, defendant offered to prove Dibbs' admissions mentioned above, but the court rejected the evidence, and he excepted.   The judge then directed the jury to return a verdict for plaintiff.   Defendant moved for a new trial, for error in rejecting the evidence so offered. This motion was denied, and he appeals.

*C. C. Houpt* and *Parsons & Brown*, for appellant.

The offered testimony comes within the familiar exception to the ordinary rule of hearsay evidence, in that it consists of declarations made by a deceased party against his own pecuniary interest. Greenleaf, Ev. §§ 147, 148; *Higham* v. *Ridgway*, 10 East, 109; *Hosford* v. *Rowe*, 41 Minn. 245.

It was also held below that the proposed evidence was incompetent unless the declarations of Dibbs, sought to be shown, were brought to the knowledge of the plaintiff. If the plaintiff's title was derived directly from Mortimer Taylor, the objection would be valid, but, since it depends solely upon that of Dibbs, the two parties are in privity, and any evidence which would be competent against Dibbs' title would be good as against that of the plaintiff. Greenleaf, Ev. § 189.

*E. E. Corliss* and *Mason & Hilton*, for respondent.

The dam of the horse in question belonged to Dibbs at the time this colt was foaled. Plaintiff knew this fact. Defendant admits the presumption to be, that title to offspring follows the ownership of the dam. This is unquestionably the rule, hence when plaintiff took the first mortgage, he was justified in presuming, not only from Dibbs' possession of the colt at the time, but from the known fact that Dibbs owned the dam at the time the colt was foaled, that he also owned the colt he was mortgaging.

Defendant stated that he did not expect to show that plaintiff had any knowledge of the statements offered in evidence. Dibbs had this colt in his possession, and was treating it as his property. Baker believed it was Dibbs' property. Mortimer Taylor knew that they were so dealing with it, yet made no objection and no claim to it; hence, before any statement of Dibbs could be binding on plaintiff, the defendant should have shown that such statement had been brought to the knowledge of plaintiff before he, in good faith, took a mortgage on the property. Under the circumstances, Mortimer Taylor is estopped from claiming this property as against an innocent mortgagee. Bigelow, Estoppel, (2d Ed.) 452.

MITCHELL, J. Action of claim and delivery to recover possession of a colt. Plaintiff claims possession under three several chat-

tel mortgages executed by one Dibbs in October, 1886, November, 1886, and September, 1888, respectively. The dam of the colt in question formerly belonged to one Mortimer Taylor, the real defendant in the action, (as whose agent the defendant claims possession,) and was by him sold to Dibbs in April, 1886, two or three weeks before the colt was foaled. The claim of the defendant is that when Mortimer Taylor sold the mare to Dibbs he reserved the unborn colt, which was agreed should remain his property, but that Dibbs should raise it for him for an agreed compensation. Dibbs died shortly after the execution of the last mortgage to plaintiff. From the time of its birth the colt remained in the possession of Dibbs, on his farm, until the time of his decease, since which time it seems to have remained there, in the possession of his widow, until taken possession of by defendant, shortly before the commencement of this action. Upon the trial, defendant offered to prove statements made by Dibbs in the spring and summer of 1886, after he had bought the mare, and before the execution of any of the mortgages to plaintiff, to the effect that he had bought the mare, but did not get the colt; that he did not own it; that Taylor had reserved it, etc. Part of this evidence the court admitted, against plaintiff's objection; but subsequently, upon counsel for defendant stating that they did not expect to prove that plaintiff had any knowledge of these statements of Dibbs, the court excluded the remainder of the evidence, and directed a verdict for plaintiff.

It seems to us that this evidence was admissible as declarations, against interest, of a person since deceased.

It was clearly within all the conditions requisite for the reception of such evidence: (1) The declarant was dead; (2) the declaration was against the pecuniary interest of the declarant at the time; (3) the declaration was of a fact of which the declarant was immediately and personally cognizant; (4) and the declaration was made, not only *ante litem motam*, but also before the declarant had executed any of these mortgages, and when there was no motive to falsify.

The rule admitting such evidence is an exception to the general rule excluding hearsay evidence, and owes its adoption to the de-

sire of the courts to prevent a failure of justice in cases when perhaps the facts could not otherwise be shown. It rests upon the improbability of falsehood in the statement, it being considered that the regard that men have for their own interests will be sufficient security for the truthfulness of such statements. 1 Greenl. Ev. § 147 *et seq.; High* im v. *Ridgway,* 10 East, 109, and notes; 3 Smith, Lead. Cas. (9th Ed.) 1628 *et seq.; County of Mahaska* v. *Ingalls,* 16 Iowa, 81; *Hosford* v. *Rowe,* 41 Minn. 245, (42 N. W. Rep. 1018.)

The learned trial judge seems to have excluded the evidence upon the theory that inasmuch as the colt was in Dibbs' possession when plaintiff took his mortgages the latter would be protected, as a *bona fide* purchaser, unless he had notice of Dibbs' want of title; and the argument of plaintiff's counsel proceeds upon substantially the same theory. The proposition amounts to just this: If the owner of property delivers possession of it to another for any purpose, even as a naked bailment, and the bailee sells it to another, who buys honestly, believing him to be the owner, the vendee can hold the property as against the rightful owner. Of course, such is not the law. No doubt the owner of property may, by his conduct, so clothe another with the *indicia* of ownership, and the right to dispose of it, that he would be estopped from asserting his actual ownership against an innocent purchaser for value; but this estoppel will not be created by merely intrusting the possession of personal property to another. *Greene* v. *Dockendorf,* 13 Minn. 70, (Gil. 66; *Warder, Bushnell & Glessner Co.* v. *Rublee,* 42 Minn. 27, (43 N. W. Rep. 569.

It is not necessary at this time to point out how far the evidence in this case fell short of establishing the essential elements of an estoppel, beyond suggesting that it nowhere appears that plaintiff, when he took his mortgages, had the slightest knowledge that Dibbs had ever had any interest whatever in the dam of this colt, or that in taking his mortgage he relied on anything as to Dibbs' title to the colt, except the bare fact that it was in his possession.

In view of the small amount involved, and the further fact that the circumstances disclosed by the evidence tend to cast suspicion on the *bona fides* of defendant's claim, we regret to be compelled to

reverse; but in excluding the evidence offered, and in directing a verdict for the plaintiff, the court fell into error.

Order reversed.

VANDERBURGH, J., absent, took no part.

(Opinion published 55 N. W. Rep. 823.)

