### COLBY E. SANBORN *vs.* EDWARD L. SHIPHERD.

Submitted on briefs Nov. 13, 1894.    Reversed Nov. 16, 1894.

No. 8951.

**Sale of goods; Purchaser not entitled to possession until he ten-
ders the purchase price.**

Upon a contract for the sale of goods for cash, payment and delivery
are concurrent acts, and payment of the purchase money is a condition
precedent to the purchaser's right of possession of the goods.  The fact
that a third party has attempted to garnish the purchase money in the
hands of the vendee cannot alter the contract of the parties.

Appeal by defendant, Edward L. Shipherd, from a judgment of
the Municipal Court of the City of Minneapolis, *C. B. Elliott,* J.,
rendered January 29, 1894.

The plaintiff, Colby E. Sanborn, on August 1, 1893, bought of
defendant Shipherd a horse, buggy and harness and agreed to pay
$200 therefor.   He paid $2.50 and was to pay the balance that day,
and take the property.   In the afternoon he went to Shipherd
and asked for the property.   Shipherd told him he could not have
it until he paid the balance of the purchase price.   He then told
Shipherd that he was garnished by Appleton Manufacturing Com-
pany, defendant's creditor, and could not pay over the money until
the garnishment was concluded.   He commenced this action Au-
gust 3, 1893, alleging that he owned the property and was entitled

to immediate possession thereof, that its value was $200 and that Shipherd wrongfully detained it. He asked judgment for possession of the property, or its value if possession could not be obtained. He caused a writ to be issued the same day and obtained possession which he retained pending the action. The defendant answered and the issues were tried before the court without a jury. Findings were made October 13, 1893, that the allegations of the complaint are true and that plaintiff is entitled to judgment as prayed. Judgment having been entered thereon defendant appeals.

*W. H. Adams,* for appellant.

·Plaintiff failed to prove performance upon his part of the terms of the purchase. The evidence is undisputed that plaintiff never tendered performance, never paid the purchase price, and never performed or intended performance prior to commencing this action of replevin. Payment was a condition precedent, and until complied with, and the full sum due actually paid or tendered, plaintiff was not entitled to possession and could not maintain an action of replevin. Benjamin, Sales, § 858; *Graves* v. *Damrow,* 28 Neb. 271.

*Geo. S. Grimes,* for respondent.

The title and right of possession of the property were in plaintiff at the time of the commencement of the action. *Rail* v. *Little Falls L. Co.,* 47 Minn. 422; *Bradley* v. *Gamelle,* 7 Minn. 331.

MITCHELL, J. This was an action to recover the possession of certain personal property alleged to have been wrongfully detained by defendant. The undisputed evidence is that the parties entered into a contract for the sale of the property by defendant to plaintiff for $200, of which the plaintiff paid $2.50 at the date of the contract, and was to pay the balance of $197.50 on the evening of the same day; that upon the return of plaintiff he demanded the delivery of the property without paying the $197.50, on the ground that in the meantime he had been garnished. The defendant offered to deliver the property on payment of the $197.50, but refused to do so without it; hence this action. The $197.50 never has been paid or

tendered. Nothing was said in the contract of sale as to its being on credit, and there was nothing from which a credit could be implied. There may, perhaps, be some conflict of evidence as to whether defendant was himself the owner or merely the agent of the owner of the property, having charge of it with authority to sell; but which he was is wholly immaterial in this case. How, on this state of facts, it could be found that plaintiff was entitled to the possession of the property we are wholly at a loss to conceive.

There being no agreement of the parties to the contrary, the law presumes the sale to have been for cash; and, upon a sale for cash, payment of the purchase money and the delivery of the property are concurrent and mutually dependent acts. Neither party is bound to perform without contemporaneous performance by the other. The payment of the purchase money was a condition precedent to plaintiff's right of possession. The fact that some third party had attempted to garnish the purchase money in the hands of the plaintiff could not alter the contract of the parties. We do not mean to be understood as intimating that, in the case of an executory contract for the sale of personal property, replevin will lie where the purchase money has been tendered, but refused. But in this case there was not even a tender.

Judgment reversed and new trial ordered.

GILFILLAN, C. J., absent on account of sickness; took no part.

(Opinion published 60 N. W. 1089.)