C. F. FREEMAN v. P. G. KRAEMER and Others.[1]

December 19, 1895.

Nos. 9586—(164).

**Sale—Delivery to Carrier—Bill of Lading—G. S. 1894, §§ 4148, 4149.**
Where the consignor sold for cash, and shipped goods to the consignee, drew drafts on him for the purchase price, and forwarded them, with the bills of lading attached, to a third party at the place of destination for collection, but the common carrier, on the order of the consignee, without the pro-

[1] Reported in 65 N. W. 455.

duction of the bills of lading, and without payment of the drafts or the purchase price, delivered the goods at the place of destination to the appellants, who in good faith and without notice had purchased them for value from the consignee, *held*, no title vested in the appellants, and they are liable to plaintiff in an action of conversion. *Held*, further, G. S. 1894, §§ 4148, 4149, do not apply to such a sale, so as to protect a subsequent purchaser in good faith for value, even though proper evidence of the sale is not filed of record.

### Indicia of Ownership.

*Held*, in this case, the consignor conferred no indicia of ownership on the consignee.

### Bill of Lading.

*Held*, an instrument issued by the common carrier to the consignor, consisting of a receipt for the goods and an agreement to carry them from the place of shipment to the place of destination, is a bill of lading.

### Evidence of Ownership.

*Held*, the uncontradicted evidence proved conclusively that the consignor was the owner of the goods shipped.

Appeal by defendants from an order of the municipal court of Duluth, Powell, J., denying a motion for a new trial, after a verdict in favor of plaintiff for $385.60. Affirmed.

It appeared in evidence that on November 21, 1894, in response to inquiry of defendant Stevenson, plaintiff wrote Stevenson, from Roberts, Wisconsin, that he had no hay on hand, but that there was a party there who had three or four cars of hay which he was going to press, which would cost Stevenson $12 delivered at Duluth. In the same letter plaintiff inquired of Stevenson if he handled oats and gave him a quotation at $31\frac{1}{2}$ cents, delivered at Duluth. On November 22, 1894, Stevenson wrote plaintiff that he would give the party mentioned $12 per ton for one car of good timothy hay f. o. b. Duluth, and ordered one car of oats at $31\frac{1}{4}$ cents f. o. b. Duluth. On November 23, 1894, plaintiff wrote Stevenson that he had booked him one car of oats and one car of hay, delivered at Duluth, and would get them off as quickly as possible. The other facts are stated in the opinion.

*L. U. C. Titus*, for appellants.

Plaintiff failed to establish his ownership or right to possession. Yoner v. Neidig, 1 Yeates, 19. By his general consignment he had lost his right of possession of the goods, and not having rescinded

his contract with Stevenson, or demanded back the goods from him, such right of possession had not been regained by him. Cochran v. Stewart, 21 Minn. 435; Benjamin v. Levy, 39 Minn. 11, 38 N. W. 702; Green v. Clarke, 12 N. Y. 343, 347. Where goods are delivered to a carrier by the vendor in pursuance of an order for delivery to a buyer, the consignment to the carrier passes the property. Arnold v. Prout, 51 N. H. 587; Cross v. O'Donnell, 44 N. Y. 661. In the absence of proof to the contrary, the consignee of property shipped through a common carrier, and not the consignor, must always be treated and considered as the owner. Benjamin v. Levy, supra; Fitzhugh v. Wiman, 9 N. Y. 559; Green v. Clarke, supra; Dyer v. Great Northern Ry. Co., 51 Minn. 345, 53 N. W. 714. Defendants were bona fide purchasers of the goods from a vendor having the apparent title to, and the possession of them, in the regular course of business. Williams v. Tilt, 36 N. Y. 310; Devoe v. Brandt, 53 N. Y. 462; Barnard v. Campbell, 58 N. Y. 73; Benjamin, Sales, § 433; Tiedeman, Com. Paper, §§ 290, 294, 295; White v. Garden, 10 C. B. 919; Williams v. Given, 6 Gratt. 268; Ditson v. Randall, 33 Me. 202; Sinclair v. Healy, 40 Pa. St. 417; Fassett v. Smith, 23 N. Y. 252; Cochran v. Stewart, supra. The conferring of the apparent or prima facie evidence of title to the goods upon defendants' vendor was the act of the respondent and his consignment a general one. No regular bill of lading was issued by the carrier of the goods or received by the shipper, such as would be evidence of title to the goods in the hands of the consignor or any third parties, indorsees or assignees thereof. First Nat. Bank v. Kelly, 57 N. Y. 34; Hieskell v. Farmers' & M. Nat. Bank, 89 Pa. St. 155; Belger v. Dinsmore, 51 N. Y. 166; The Sally Magee, 3 Wall. 451; Cornad v. Atlantic Ins. Co., 1 Pet. 445; Tiedeman, Com. Paper, §§ 491–494; Coosa River S. Co. v. Barclay, 30 Ala. 120; Keyser v. Harbeck, 3 Duer, 373; Merchants' Dispatch Trans. Co. v. Furthmann, 9 Am. R. R. & Corp. Rep. 19; Southard v. Minneapolis, St. P. & S. S. M. Ry. Co., 60 Minn. 382, 62 N. W. 442; Colgate v. Pennsylvania Co., 102 N. Y. 120, 6 N. E. 114; Clark v. Green, supra.

*Jaques & Hudson*, for respondent.

By retaining the bills of lading and keeping them under his control, plaintiff manifested an unmistakable intention that the title

should not pass to Stevenson until he paid the drafts and obtained the bills of lading. There was no agreement between plaintiff and Stevenson, prior to the sale and shipment, that would prevent plaintiff from imposing any condition as to payment that he might choose. Emery v. Irving Nat. Bank, 25 Ohio St. 360; First Nat. Bank v. Kelly, 57 N. Y. 34; Cayuga Co. Nat. Bank v. Daniels, 47 N. Y. 631; Bank v. Jones, 4 N. Y. 497.

CANTY, J. On November 26, 1894, plaintiff shipped a car load of oats and a car load of hay from Roberts, Wisconsin, to one Stevenson, a commission merchant at Duluth, Minnesota. A bill of lading or shipping receipt, whichever it may be called, was issued by the railway company to plaintiff (as C. F. Freeman & Co.) for each car. One of these bills of lading, as far as here material, reads as follows:

"Chicago, St. Paul, Minneapolis & Omaha Railway Co. No. car, 12,444. Roberts Station, Nov. 26, 1894. Received from C. F. Freeman & Co., in apparent good condition, marked, Geo. T. Stevenson, Duluth, Minn.; Articles, bailed hay, weight 20,400; as described above, contents and value unknown, to be transported by the Chicago, St. Paul, Minneapolis & Omaha Railway Company to the destination named above.   *   *   *        T. E. Bethel, Agent."

The other bill of lading is in the same form. A few days prior to this, Stevenson wrote plaintiff offering $12 per ton for one car of hay, and 31¼ cents per bushel for one car of oats, and the shipment to him was in response to his offer. Immediately on shipping the two cars, plaintiff drew one draft for the price of the hay, and attached it to the bill of lading for the car of hay, and drew another draft for the price of the oats, and attached it to the bill of lading for the car of oats. These drafts were drawn on Stevenson in favor of plaintiff's banker at Roberts, who forwarded them, with the attached bills of lading, to another banker at Duluth, for collection, but the drafts were not discounted.

These drafts arrived in Duluth and were presented to Stevenson for payment on November 28, but he refused to pay them, giving as an excuse that the cars had not yet arrived. The cars had arrived on the 27th, and on the 28th the railway company, on the order of Stevenson, delivered them to defendants, who claim that they bought

the oats and hay from Stevenson in good faith, and paid him in full for the same. November 29 was a legal holiday, and on the next day the Duluth banker attempted to find Stevenson, and again demand payment of the drafts from him, but he could not be found. Thereupon the drafts and bills of lading were returned to plaintiff, who proceeded to Duluth, and demanded the oats and hay of defendants, who refused to deliver the same to him, and this action was brought for damages for the conversion of the same by defendants. On the trial the court ordered the jury to return a verdict for plaintiff for the value of the property, and from an order denying their motion for a new trial defendants appeal.

We are of the opinion that the order appealed from should be affirmed.

It clearly and conclusively appears from the evidence that the sale or contemplated sale from plaintiff to Stevenson was to be a cash transaction. No indicia of ownership were given to Stevenson. On the contrary, the bills of lading were forwarded by plaintiff, with the drafts attached to them, in such a manner as to make the intended delivery of the bills to Stevenson concurrent with the payment of the drafts for the purchase price of the property. From the circumstances, it conclusively appears that plaintiff did not intend to vest the title to the property in Stevenson until the goods were paid for. Of course, where, on an absolute sale of goods, credit is given, so that the delivery and payment of the purchase price are not intended to be concurrent acts, the delivery is absolute, and, in the absence of fraud or mistake, there is no way of revesting the goods in the vendor, except by the exercise of the right of stoppage in transitu. Where it is a conditional sale on credit, the title not to pass until paid for, it is void as against subsequent purchasers in good faith for value, unless the proper evidence of the transaction is filed of record, pursuant to G. S. 1894, §§ 4148, 4149. But this statute has no application to cash sales. National Bank of Commerce v. Chicago, B. & N. R. Co., 44 Minn. 224, 46 N. W. 342, 560. Where the sale is to be a cash transaction, if the vendee gets possession before the purchase price is paid, his possession will, at least for a short period, be regarded as merely conditional, and of such a character that he cannot vest a purchaser from him with title. National Bank of Commerce v. Chicago, B. & N. R. Co., supra; Benjamin, Sales (6th Ed., Am.

notes) 282.  See, also, Emery v. Irving Nat. Bank, 25 Ohio St. 360; First Nat. Bank v. Kelly, 57 N. Y. 34; Cayuga Co. Nat. Bank v. Daniels, 47 N. Y. 631; Bank v. Jones, 4 N. Y. 497,—which are cases similar in principle to this.

2. Appellants contend that plaintiff had conferred indicia of ownership on Stevenson, and that this gave Stevenson power to vest title by estoppel in appellants.  In view of the authorities just cited, it is hardly necessary to say that merely shipping the goods addressed to the consignee, while retaining the bills of lading, confers no indicia of ownership on the consignee.

3. It is also contended that the instruments delivered to plaintiff by the railway company in this instance were not bills of lading, but what counsel terms mere "shipping receipts," and that the retention by the consignor of these receipts was not a retention of the indicia of ownership, but that the same passed to the consignee.  Whether, if counsel's premises were correct, his conclusion would be, we need not consider.  These instruments consist each of a receipt for the goods, and an agreement to transport them to a certain place, and, in our opinion, are bills of lading.  See Union Pac. Ry. Co. v. Johnson, 45 Neb. 57, 63 N. W. 144.

4. There is nothing in the point that plaintiff failed to establish his ownership or right to possession of the property.  He must have been in possession of the property when he shipped it.  It is true that it appears from the evidence that, in answer to Stevenson's first inquiry for hay, plaintiff stated that he had no hay, but that another party at Roberts had some, which he was going to press.  In response to Stevenson's second inquiry for hay and oats both, plaintiff shipped the two cars, but never in any manner claimed to be acting for said third party (whose name is nowhere disclosed), nor for any one but himself, in making such shipment.

This disposes of the case, and the order appealed from is affirmed.