CARTER, RICE & COMPANY v. CREAM OF WHEAT COMPANY.

July 14, 1898.

Nos. 11,069—(207).

**Sale of Printing Press—Conditional Delivery—No Waiver of Conditions by Seller.**

*Held,* that plaintiff did not part with its title to the personal property in question here, although it gave possession thereof to a proposed vendee in supposed compliance with the terms of a contract of sale; and also that said vendee had not waived its right to insist upon compliance on the vendor's part with certain conditions of the contract as to the character or quality of the property.

**Same—Fishback v. Van Dusen—Remedy of Seller.**

*Held* further, under the rule laid down in Fishback v. Van Dusen, 33 Minn. 111, that even if the vendor's part of the contract, as to the character or quality of the property, had been complied with, such vendor had the right to reclaim the same when this action was brought.

Action in the district court for Hennepin county to recover the possession of certain personal property or its value. The cause was tried before Lancaster, J., without a jury, who found in plaintiff's favor. From an order denying defendant's motion for a new trial, or for a judgment in its favor notwithstanding the findings, defendant appealed. Affirmed.

*Rome G. Brown* and *Charles S. Albert,* for appellant.

The milling company bought this press on this express representation and warranty, that it was the "latest series" Optimus. There was a complete delivery of the press. The contract of sale was never repudiated by the North Dakota Milling Company, but the press delivered was received, accepted and kept by it; and the vendee merely exercised the right which it legally had so to retain the press, and to enforce its claim for a fair and reasonable counterclaim or rebate on account of the difference in quality. The title to the press passed to the North Dakota Milling Company. See Tiedeman, Sales, §§ 189, 197; Knoblauch v. Kronschnabel, 18 Minn. 272 (300).

Assuming that there was a repudiation of the first contract of

sale, there was nevertheless another contract which made a complete sale: The contract that the press received was to be kept and retained by the milling company, and that it was to pay to plaintiff a "fair and reasonable" price. This was a complete contract of sale, and passed the title to the milling company. See Benjamin, Sales, §§ 85–89; Tiedeman, Sales, § 47; Baker, Sales, § 223; Ashcroft v. Morrin, 4 Man. & G. 450; Taft v. Travis, 136 Mass. 95; James v. Muir, 33 Mich. 223; McEwen v. Morey, 60 Ill. 32.

*Keith, Evans, Thompson & Fairchild,* for respondent.

The contract was a sale for cash, and the passing of title was conditional upon payment by the buyer. Benjamin, Sales, § 335; Fishback v. Van Dusen, 33 Minn. 111.

Under such contract the seller may reclaim his property upon default in payment. Fishback v. Van Dusen, supra; National Bank v. Chicago, B. & N. R. Co., 44 Minn. 224; Pond M. Tool Co. v. Robinson, 38 Minn. 272; Osborn v. Gantz, 60 N. Y. 540; Armour v. Pecker, 123 Mass. 143; Coggill v. Hartford, 3 Gray, 545. This being the undoubted law, it requires no argument to establish the position that such a bailee can convey no title even to an innocent purchaser for value. Baker v. Taylor, 54 Minn. 71; Bjork v. Bean, 56 Minn. 244.

COLLINS, J.

Action in claim and delivery; the plaintiff being a Massachusetts corporation, with its office in Boston. It was the owner of a "Babcock Optimus" printing press; and in November, 1896, the North Dakota Milling Company, a corporation doing business at Grand Forks, North Dakota, opened a correspondence looking towards a purchase thereof. Letters and telegrams were exchanged, and on November 17 the milling company accepted a proposition made by plaintiff, and directed that the press be shipped at once to Grand Forks. According to the terms of the contract, as found in the correspondence, the press was to be the Optimus, latest series or make, with two revolutions. The price was to be $1,600; one-fourth to be paid in cash, and the balance in monthly or quarterly payments, with interest-bearing notes. When the press reached the milling company, and was set up, it was discovered that it was

not one of the latest series or make, but was of an older style; and the company declined to accept it, or to pay as agreed upon.

After investigating the matter, the plaintiff's president, who had acted in good faith when making the sale, and in the belief that the press was of the latest make, offered to discount $150 or $200 from the agreed price if the milling company would keep it; but this offer does not seem to have received any consideration, and from the evidence it conclusively appears that in no manner was it accepted. Several letters were written by the plaintiff, and evasively answered by the milling company, prior to April 12, 1897, when the latter made an assignment for the benefit of its creditors. The assignee took possession of the press, sold and delivered it to one Daniels, and he leased and delivered it to defendant, a Minnesota corporation. On findings of fact made by the court, trying the case without jury, a judgment was ordered in plaintiff's favor.

The order denying defendant's motion for a new trial must be affirmed. The plaintiff agreed to furnish, and the milling company agreed to accept, and pay for, a press of the latest series or make. The former did not send the article agreed upon. The latter declined to accept the press sent, or to pay for it, at any price, or upon any terms. Nor did it at any time waive its right to insist upon a strict performance of the contract, and a literal compliance with the plaintiff's representations and warranties as to the kind of press it would ship. Payment of the contract price, or of that price less the proposed discount, or of the reasonable value, could not have been compelled, had an action been brought by plaintiff; for there never was a meeting of the minds of the parties as to a sale of the press in question. Prior to the assignment the company had an option to purchase, which it failed to exercise, and which terminated when the assignment was made.

But even if the press sent had fulfilled the conditions of the contract, or if the offer to discount had been accepted, the title would not have passed to the purchaser, except upon compliance with the terms as to payment, for one-fourth of the price was to be paid in cash, and notes were to be given for the balance. Delivery of the press, payment of the money, and delivery of the notes would have been concurrent and mutually dependent facts. Delivery of the

press by shipment thereof in expectation of immediate payment of one-fourth of the purchase price, and an execution and delivery of the notes, would have been conditional only; and, if the conditions had not been complied with, the right to reclaim the press would have remained in the plaintiff vendor.

Where payment of the purchase price, or giving security for its payment, and the delivery of goods, are expressly or impliedly agreed to be simultaneous, and, upon getting possession, the payment or giving security is omitted, evaded or refused by the purchaser, the seller may immediately reclaim the goods; the title in such cases not passing, the delivery being conditional, and the would-be purchaser taking simply as trustee for the seller until the condition is performed. Fishback v. Van Dusen, 33 Minn. 111, 22 N. W. 244; National Bank v. Chicago, B. & N. R. Co., 44 Minn. 224, 46 N. W. 342, 560. See also Pond M. Tool Co. v. Robinson, 38 Minn. 272, 37 N. W. 99; Coggill v. Hartford, 3 Gray, 545; Benjamin, Sales, §§ 334, 335.

Nor was the right to reclaim waived by plaintiff. It promptly and earnestly attempted to discover whether an error had been made when it represented the press as one of the newest make, and, on being satisfied on this point, honestly endeavored to adjust the difficulty, and to satisfy the company. There was no testimony upon which waiver could have been predicated. In any event the question of a waiver was one of fact for the court below to dispose of.

The milling company could not convey title to its assignee, for it had no title itself; and it follows that the purchaser from the assignee did not acquire title, or right of possession, as against the true owner. Baker v. Taylor, 54 Minn. 71, 55 N. W. 823; Bjork v. Bean, 56 Minn. 244, 57 N. W. 657.

Order affirmed.