## WILLIAM DALRYMPLE v. RANDALL, GEE & MITCHELL COMPANY AND ANOTHER.[1]

### October 24, 1919.

### No. 21,116.

**Sale for cash — conditional delivery.**

1. Where a sale is for cash, payment and delivery are concurrent and mutually dependent acts, and, if the vendor makes delivery in expectation of immediate payment, such delivery is conditional only and he may reclaim his goods if payment be not made.

**Presumption that sale is for cash, when.**

2. A sale is presumed to be for cash in the absence of evidence indicating that credit is to be given.

**Sale on Chamber of Commerce.**

3. Sales made on the Minneapolis Chamber of Commerce are governed by the rules and customs of the chamber.

**Sale and resale of carload of grain on track — finding — evidence.**

4. Under these rules grain on track sold in carload lots is to be weighed by the state weigher at the time it is unloaded and is to be paid for before two o'clock of the day on which such weights are given out. Plaintiff sold a carload of grain on the floor of the chamber to R. J. Johnstone, who immediately resold it to a third party who again resold it.

· [1]Reported in 174 N. W. 520.

It was switched to an elevator where it was unloaded, weighed and mixed with other grain. Johnstone failed to pay at the prescribed time, and on the same day plaintiff notified Johnstone's vendee, who then had the proceeds of the grain, that the grain not having been paid for belonged to him. *Held* that the finding of the trial court that the sale was for cash, that delivery of the grain was conditional on payment, that the condition had not been waived, and that plaintiff remained owner of the grain and entitled to its proceeds is sustained by the evidence.

Action in the district court for Hennepin county to recover $1,232.84. The facts are stated in the opinion. The case was tried before Molyneaux, J., who made findings and ordered judgment in favor of defendant Furber. Plaintiff's motion for amended findings of fact and conclusions was granted and the court found in favor of plaintiff. Defendant Furber's motion to strike out the amended findings and conclusions of law, or for a new trial, was denied. From the judgment entered pursuant to the amended order for judgment, the trustee in bankruptcy appealed. Affirmed.

*Kerr, Fowler, Schmitt & Furber,* for appellant.

*H. V. Mercer & Co.* and *C. G. Krause,* for respondent.

TAYLOR, C.

Plaintiff sold a carload of grain on track in the city of Minneapolis to R. J. Johnstone who was then insolvent, but this fact was not known to plaintiff. Johnstone immediately resold the grain to the Randall, Gee & Mitchell Company, who in turn immediately resold it to the Cereal Grading Company, which unloaded the grain two days later and commingled it with other grain. The above parties were all members of the Minneapolis Chamber of Commerce, and the above sales were all made on the exchange floor of the chamber on March 3, 1915, and were made under and according to, and are governed by, the rules, regulations and customs of the chamber. Johnstone failed to pay for the grain and was subsequently adjudged an involuntary bankrupt and a trustee in bankruptcy was appointed of his estate. The Randall, Gee & Mitchell Company did not pay for the grain, but received full payment therefor from the Cereal Grading Company. The grain having been

commingled with other grain so that it could not be identified, plaintiff brought this action to recover its proceeds from the Randall, Gee & Mitchell Company and made the trustee in bankruptcy a party defendant. The Randall, Gee & Mitchell Company admitted having the proceeds of the grain and that such proceeds belonged either to plaintiff or the trustee, and, under and pursuant to a stipulation, paid the same into court and was released from further liability. The case was tried before the court without a jury with the trustee in bankruptcy as the sole defendant. The court found as a fact that title to the grain had never passed to Johnstone and rendered judgment awarding its proceeds to plaintiff. The trustee appealed.

It may be noted at the outset that the controversy is wholly between plaintiff as vendor and the trustee in bankruptcy of his insolvent vendee, and that no rights of the subvendees are here involved.

Appellant contends that the evidence does not sustain the finding that plaintiff remained owner of the grain or its proceeds, but shows conclusively that title to the grain had passed to Johnstone and that its proceeds belong to his estate.

The grain had been consigned to plaintiff for sale by the Wing Farmers Co-operative Association of Wing, North Dakota, and on March 3 was on track in Minneapolis. As was customary among members of the Chamber of Commerce, plaintiff sold the grain as his own, without disclosing his principal or that he was acting as agent. Before bringing this action he paid the consignors for the grain and received an assignment from them of all their interest in both the grain and its proceeds.

Where a sale is for cash, payment and delivery are concurrent and mutually dependent acts, and, if the vendor makes delivery in expectation of immediate payment, such delivery is conditional only, and he may reclaim his goods if payment be not made. Fishback v. G. W. Van Dusen & Co. 33 Minn. 111, 22 N. W. 244; Globe Milling Co. v. Minneapolis Ele. Co. 44 Minn. 153, 46 N. W. 306; National Bank of Commerce v. Chicago, B. & N. R. Co. 44 Minn. 224, 46 N. W. 342, 560, 9 L. R. A. 263, 20 Am. St. 566; Freeman v. Kraemer, 63 Minn. 242, 65 N. W. 455; Carter, Rice & Co. v. Cream of Wheat Co. 73 Minn. 315,

76 N. W. 55; E. L. Welch Co. v. Lahart Ele. Co. 122 Minn. 432, 142 N. W. 828.

In the absence of evidence indicating that credit is to be given, a sale is presumed to be for cash. Globe Milling Co. v. Minneapolis Ele. Co. 44 Minn. 153, 46 N. W. 306.

From the rules and practices of the Chamber of Commerce it appears that sales of grain on the floor of the chamber in carload lots on track are made to state weights; that the purchaser is to designate the disposition to be made of the car; that the grain is to be weighed and the quantity ascertained by the state weighers at the time the car is unloaded; that each morning the state weighers give out the weights of the several cars unloaded the preceding day; that the seller is to present an invoice or bill to the buyer before eleven o'clock a. m. of the day on which the weight is given out; that the buyer is required to make payment before two o'clock p. m. of the same day, and that such sales are understood to be cash sales.

The transactions in controversy followed the usual routine above outlined. Shortly after his purchase Johnstone informed plaintiff that he had resold the grain to the Randall, Gee & Mitchell Company, and requested plaintiff to deliver the car at elevator L. Thereupon plaintiff directed the railway company to deliver the car at that elevator. Thereafter the railway company switched the car to elevator L, where it was unloaded and the grain weighed on March 5. The weights were given out by the state weigher on the morning of March 6, and plaintiff promptly sent a bill for the grain to Johnstone. At the same time the Randall, Gee & Mitchell Company sent a bill for it to the Cereal Grading Company to whom they had resold it. This bill was paid at once. Shortly after sending the bill to Johnstone plaintiff learned that Johnstone was in financial difficulties and unable to make payment, and forthwith notified the Randall, Gee & Mitchell Company that the grain, not having been paid for by Johnstone, belonged to him, and to hold the proceeds until released by him. The Randall, Gee and Mitchell Company received this notice on March 6. They had already received payment from the Cereal Grading Company who had possession of the grain and had commingled it with other grain. In consequence of plaintiff's notice,

the Randall, Gee and Mitchell Company withheld payment for the grain and subsequently paid its proceeds into court as hereinbefore stated.

Among other things the court found in effect that plaintiff sold the grain for cash; that the delivery made was conditional upon immediate payment as soon as the quantity was ascertained; that plaintiff had not waived this condition nor divested himself of title, and that he was entitled to recover the grain or its proceeds. In our opinion the evidence amply justified the conclusion of the court. Globe Milling Co. v. Minneapolis Ele. Co. 44 Minn. 153, 46 N. W. 306; National Bank of Commerce v. Chicago, B. & N. R. Co. 44 Minn. 224, 46 N. W. 342, 560, 9 L. R. A. 263, 20 Am. St. 566; E. L. Welch Co. v. Lahart Ele. Co. 109 Minn. 219, 123 N. W. 821.

Appellant cites E. L. Welch Co. v. Lahart Elevator Co. 122 Minn. 432, 142 N. W. 828, as sustaining the contention that the title had passed. The facts in the two cases differ materially. Furthermore in the Welch case the court found as a fact that title had passed, and the question before this court was whether such finding was sustainable under the evidence. The vendor contended that it followed as a matter of law from the undisputed facts in that case that title had not passed. This court held that whether title had passed depended upon whether the parties intended that it should pass, and that the evidence made this a question of fact. In the present case the court found as a fact that it was the understanding and intention of the parties that title should not pass until payment was made as required by the rules of the chamber, and that such payment not having been made the title remained in plaintiff. We find no ground for disturbing this finding, and it is doubtful if a contrary finding could be sustained on the facts of this case.

Plaintiff had the right to reclaim his grain. It had been resold and commingled with other grain and its proceeds were in the hands of a subvendee who admitted holding the same for the rightful owner. Under such circumstances plaintiff clearly had the right to pursue and recover these proceeds instead of attempting to recover the grain or bringing an action for its conversion.

Judgment affirmed.