## ALEXANDER POHL AND ANOTHER v. O. A. JOHNSON AND ANOTHER.[1]

February 21, 1930.

No. 27,714.

[1]Reported in 229 N. W. 555.

*Murphy & Johanson,* for appellants.

*Fowler, Carlson, Furber & Johnson* and *F. N. Furber,* for respondent American Surety Company.

TAYLOR, C.

Verdict for plaintiffs. Defendant surety company moved for judgment non obstante or for a new trial. The motion for judgment was granted. Plaintiffs appealed. The controversy is solely between plaintiffs and the surety company, and that company will be intended by the term defendant when used hereinafter.

O. A. Johnson, doing business as O. A. Johnson Elevator Company, operated a public grain warehouse in the state of South Dakota under a license from that state. Defendant was the surety on his bond as such warehouseman. The condition of the bond was to the effect that Johnson would comply with all the laws of the state of South Dakota relating to the duties of a public warehouseman. Under the laws of South Dakota where grain delivered at a public warehouse is not purchased but received for storage, the warehouseman receives it as a bailee and is required to issue storage tickets therefor obligating him to return grain of a like kind,

quantity and grade on presentation of the storage tickets and payment of certain specified charges.

Johnson had an arrangement with the C. C. Wyman Company of Minneapolis, Minnesota, under which he bought grain and that company furnished the money to pay for it. He made daily reports to them of the grain purchased and issued to the sellers so-called grain checks for the purchase price. These so-called grain checks were in substance drafts on the C. C. Wyman Company. They were usually deposited in a local bank and paid through the usual banking channels.

In January and February, 1928, plaintiffs delivered wheat to Johnson at the warehouse and received the usual storage tickets for it. On April 13, 1928, they sold the wheat to Johnson, delivered the storage tickets to him, and received a grain check or draft on the C. C. Wyman Company for $519.70, the admitted value of the grain. On June 13, 1928, Johnson, having shipped out all his grain, closed his warehouse and quit business. He was then indebted to the C. C. Wyman Company in the sum of $9,000 and was insolvent.

Plaintiffs retained their draft in their own possession until June 21, 1928, a week after Johnson had quit business and more than two months after they had received it. On June 21, 1928, they presented it at a bank and payment was refused. Thereafter they made a demand for the grain or the money, and then brought this action against defendant on the bond.

Defendant contends that when plaintiffs sold the grain to Johnson and surrendered the storage tickets and received the draft the bailment terminated, the grain became the property of Johnson, and liability for it under the bond ceased. Defendant further contends that even if the draft was conditional payment only, plaintiffs' negligence in not presenting it for payment for more than two months released defendant from liability for the grain.

It appears that between April 13, 1928, and June 12, 1928, Johnson purchased other grain and paid for it with similar drafts to an amount of about $10,000; and that such drafts presented prior to

June 12 were paid. It was also shown affirmatively and without dispute that plaintiffs' draft would have been paid if it had been presented at any time prior to June 12, 1928.

Where a creditor receives a check or draft the presumption is that he receives it as conditional payment and that it does not operate as absolute payment unless paid in due course. 5 Dunnell, Minn. Dig. (2 ed.) §§ 7445, 7446, and cases cited; also annotations in 31 A. L. R. 578. But where he negligently fails to present it within a reasonable time and it would have been paid if presented within a reasonable time, he thereby makes the instrument his own and it operates as payment at least as to third parties. Commercial Inv. Trust v. Lundgren-Wittensten Co. 173 Minn. 83, 216 N.. W. 531, 56 A. L. R. 492; McFadden v. Follrath, 114 Minn. 85, 130 N. W. 542, 37 L.R.A.(N.S.) 201; Manitoba M. & I. Co. Ltd. v. Weiss, 18 S. D. 459, 101 N. W. 37, 112 A. S. R. 799, 5 Ann. Cas. 868, and notes; Kennedy v. Jones, 140 Ga. 302, 78 S. E. 1069, Ann. Cas. 1914D, 355, and note.

The sale of the grain to Johnson was what is termed a cash sale. When plaintiffs accepted the grain check or draft for the purchase price the sale was completed subject only to the condition that the instrument be paid if presented within a reasonable time. Where a check or draft is accepted for the purchase price on a cash sale the seller must exercise reasonable diligence in presenting it for payment, and his failure to do so will operate as a waiver of his right to rescind and reclaim the property for nonpayment. With no reason for not presenting the draft promptly, plaintiffs held it more than two months before presenting it. Under the circumstances of this case it cannot be said that the draft was presented within a reasonable time, and therefore the right of plaintiffs to rescind and reclaim the grain had lapsed. Defendant was not surety for the payment of the draft but only for the return of the grain to the holder of the storage tickets. That the delay was prejudicial to defendant is clear, for it was shown that the draft would have been paid if presented at any time before Johnson quit business.

We concur in the conclusion reached by the learned trial court and the order is affirmed.

