OSCAR P. GUSTAFSON v. EQUITABLE LOAN ASSOCIATION.[1]

May 27, 1932.

No. 28,875.

[1]Reported in 243 N. W. 106.

*Wright & Wright, Donald O. Wright, Alfred W. Bowen,* and *William L. Prosser,* for appellant.

*Shaw, Safford, Putnam & Shaw* and *Matthew J. Levitt,* for respondent.

WILSON, C. J.

Plaintiff appealed from an order sustaining a demurrer to his complaint upon the ground that the facts stated are not sufficient to constitute a cause of action.

The action is in replevin. One Ed Madden came to plaintiff's place of business, a retail jewelry store, wrongfully represented himself to be Millard H. McDonald, a Minneapolis business man, and stated that he desired to purchase a diamond ring for cash. Plaintiff sold him one for $400. Madden then and there drew and delivered to plaintiff a check on a local bank for the purchase price. He signed the name of Millard H. McDonald as the drawer of the check. Plaintiff delivered the diamond in reliance on the check, which was a forgery and made by Madden with the preconceived intent and design then and there had and entertained to steal the property of plaintiff. Immediately thereafter Madden pledged the diamond with ·defendant to secure the payment of $195, which defendant in good faith loaned Madden. Defendant has the possession of the diamond and refuses to deliver it to plaintiff; hence this action.

■ In the absence of evidence indicating that credit is to be given, a sale is presumed to be for cash. In the instant case it was expressly stated that the sale was to be for cash. Payment and delivery in the sale of personal property are concurrent and mutually dependent acts. If the payment is evaded by the purchaser upon getting possession of the property, the seller may immediately reclaim the property; the title in such case not passing to the purchaser, the delivery being merely conditional, and the purchaser taking simply as trustee for the seller until the condition is performed. Fishback v. G. W. Van Dusen & Co. 33 Minn. 111, 22 N. W. 244; Globe Milling Co. v. Minneapolis Elev. Co. 44 Minn. 153, 46 N. W. 306; Sanborn v. Shipherd, 59 Minn. 144, 60 N. W. 1089; Carter, Rice & Co. v. Cream of Wheat Co. 73 Minn. 315, 76 N. W. 55; E. L. Welch Co. v. Lahart Elev. Co. 109 Minn. 219, 123 N. W. 821; Dalrymple v. Randall, G. & M. Co. 144 Minn. 27, 174 N. W. 520, 24 R. C. L. 23.

■ A check is not payment. It is only so when the cash is received on it.

"There is no presumption that a creditor takes a check in payment, arising from the mere fact that he accepts it from his debtor.

The presumption is just the contrary. Where payment is made by check drawn by a debtor on his banker, this is merely a mode of making a cash payment, and not giving or accepting a security. Such payment is only conditional, or a means of obtaining the money. In one sense the holder of the check becomes the agent of the drawer to collect the money on it; and if it is dishonored there is no accord and satisfaction of the debt * * *. Where goods are sold for cash on delivery, and payment is made by the purchaser by check on his banker, such payment is only conditional, and the delivery of the goods also only conditional; and if the check on due presentation is dishonored, the vendor may retake the goods." National Bank of Commerce v. C. B. & N. R. Co. 44 Minn. 224, 229, 46 N. W. 342, 560, 9 L. R. A. 263, 20 A. S. R. 566; J. I. Case T. M. Co. v. Bargabos, 143 Minn. 8, 172 N. W. 882; Commercial Inv. Trust v. Lundgren-Wittensten Co. 173 Minn. 83, 216 N. W. 531, 56 A. L. R. 492; Pohl v. Johnson, 179 Minn. 398, 229 N. W. 555, Anno. 31 A. L. R. 578.

It follows that the title never passed from plaintiff to Madden.

■ The circumstances under which Madden procured the diamond constituted larceny at common law. Crosby v. Paine, 170 Minn. 43, 211 N. W. 947. The diamond in Madden's hands was stolen property, and he had no title thereto. The transaction also constituted forgery at common law. This was a felony. Shipply v. People, 86 N. Y. 375, 40 Am. R. 551; Amols v. Bernstein, 214 App. Div. 469, 212 N. Y. S. 518; Marden v. Dorthy, 160 N. Y. 39, 54 N. E. 726, 46 L. R. A. 694. Title to property obtained through common law crime does not pass to the vendee or pledgee. Phelps v. McQuade, 158 App. Div. 528, 143 N. Y. S. 822.

■ Defendant argues that plaintiff waived the cash payment by voluntarily delivering the diamond, and hence title passed to Madden. In many cases such a question may be one of fact, but upon the record before us the contention is untenable, the pleading is definite, that is all we have. If upon such a record this contention could be said to be the law, the rules above stated would be destroyed. A statement of the facts as pleaded leaves no room for a claim of a waiver.

■ Defendant suggests that Madden acquired from plaintiff a voidable title. In a case such as Crosby v. Paine, 170 Minn. 43, 211 N. W. 947, title was acquired by fraud, and perhaps it was a voidable title which was not seasonably voided. But in this case, as in the numerous cases cited, title never passed. Madden simply did not acquire title. Amols v. Bernstein, 214 App. Div. 469, 212 N. Y. S. 518. This controlling point does not however seem to have been considered in Ditton v. Purcell, 21 N. D. 648, 132 N. W. 347, 36 L.R.A. (N.S.) 149.

6. Defendant, still erroneously assuming that Madden acquired title to the diamond, makes the claim that where one of two innocent parties must suffer a loss due to the fraud of a third person, he must bear the loss whose action enabled the wrong to be done.

It would perhaps be a sufficient answer to say that Madden never acquired title. But there are circumstances wherein the seller is estopped from asserting that the delivery was conditional as against a subvendee in good faith for value who purchases in reliance upon the vendee's muniments of title. For a time the rule seems to have been that a bona fide purchaser for value without notice was protected even where his vendor obtained the goods by fraud, if the fraudulent act was a felony by statute only and was not such as would have been a felony at common law. Phelps v. McQuade, 158 App. Div. 528, 143 N. Y. S. 822; Amols v. Bernstein, 214 App. Div. 469, 212 N. Y. S. 518; American S. R. Co. v. Fancher, 145 N. Y. 552, 40 N. E. 206, 27 L. R. A. 757. But the modern rule is that where the owner of personal property so clothes another with indicia of title as to deceive a bona fide purchaser relying upon such indicia of title, the purchaser will be protected against the true owner. Cochran v. Stewart, 21 Minn. 435; National Bank of Commerce v. C. B. & N. R. Co. 44 Minn. 224, 46 N. W. 342, 560, 9 L. R. A. 263, 20 A. S. R. 566; Globe Milling Co. v. Minneapolis Elev. Co. 44 Minn. 153, 46 N. W. 306; Warder, B. & G. Co. v. Rublee, 42 Minn. 23, 43 N. W. 569; MacLaren v. Cochran, Jr. 44 Minn. 255, 46 N. W. 408; Cochran v. Stewart, 57 Minn. 499, 59 N. W. 543; Ammon v. Gamble-Robinson Comm. Co. 111 Minn. 452, 127 N. W. 448; Olsen v. G. N. Ry. Co. 139 Minn. 316, 166 N. W. 331.

The rule now under consideration does not depend upon actual title, but rests upon the conduct of the party which precludes him from disputing, as against the innocent acting person, the existence of the title or power which through negligence or mistaken confidence he caused or allowed to appear to be vested in the third party. In order that the real owner of personal property may be estopped from asserting his title against a person who has dealt with one in possession in faith of his apparent ownership, it is the general rule that something more than mere possession and control is necessary. The authorities indicate that possession must be accompanied by indicia of title. Greene v. Dockendorf, 13 Minn. 66 (70) ; Warder, B. & G. Co. v. Rublee, 42 Minn. 23, 43 N. W. 569; Hedderly v. Backus, 53 Minn. 27, 55 N. W. 116; Baker v. Taylor, 54 Minn. 71, 55 N. W. 823; Bjork v. Bean, 56 Minn. 244, 57 N. W. 657; Freeman v. Kraemer, 63 Minn. 242, 65 N. W. 455; Kiewel v. Tanner, 105 Minn. 50, 117 N. W. 231, 25 L.R.A.(N.S.) 772; Norris v. Boston Music Co. 129 Minn. 198, 151 N. W. 971, L. R. A. 1917B, 615; Tousley v. First Nat. Bank, 155 Minn. 162, 193 N. W. 38; Cardozo v. Fawcett, 158 Minn. 57, 196 N. W. 809; Hayes v. Midland Credit Co. 173 Minn. 554, 218 N. W. 106; Loring v. Swanson, 180 Minn. 104, 230 N. W. 277.

There are authorities holding that where an imposter obtains the possession of personal property under circumstances similar to those here involved and then sells to an innocent purchaser, the original owner may recover the property, because in case of a misrepresentation of identity no title passes which is available even to a bona fide purchaser. Windle v. Citizens Nat. Bank, 204 Mo. App. 606, 216 S. W. 1023. This is perhaps upon the theory that no contract was made. Under such authorities the question depends upon whether there was any contract at all with the original seller by which he parted with title, which in turn depends upon whether the imposter was or was not the person with whom the seller intended to contract. Other numerous authorities hold that under such circumstances the seller is deemed to have intended to deal with the party physically before him rather than the person he

242

supposes the party to be. 4 Minn. L. Rev. 460. This question is not covered by the briefs, and we leave it until concretely presented.

Reversed.

