## St. Paul Title Insurance & Trust Co. *vs.* Peter Berkey.

Argued Jan. 4, 1893.   Decided March 13, 1893.

**Chattel Mortgage Filed but not Acknowledged, is not Constructive Notice.**

The record of a bill of sale, which is intended merely as security for a debt, and filed as a chattel mortgage, but not duly acknowledged, is not constructive notice to creditors and subsequent mortgagees or purchasers.

**Actual Notice Supplies the Place of Filing.**

But since the object of the record is to give such notice to creditors dealing with a mortgagor left in possession of goods, as well as mortgagees and purchasers, if such creditors have actual notice of the existence of the mortgage, the purpose of the record is served, and the rights and equities of such creditors will be subordinated to those of a *bona fide* mortgagee.

**Burden of Proof of Good Faith and of Want of Notice.**

Where it is made to appear on the trial that a mortgage of chattels is *bona fide*, it devolves upon a creditor to establish his superior equity by showing that he belongs to the class of creditors who are entitled to challenge the validity of the mortgage as against them, because not duly or seasonably recorded.

Appeal by defendant, Peter Berkey, from an order of the District Court of Ramsey County, *Otis,* J., made September 3, 1892, denying his motion for a new trial.

On July 10, 1890, Benjamin F. Ferriss was indebted to the St. Paul National Bank $6,835. The defendant was the president of this bank. As security for the payment of the debt, Ferriss on that day made and delivered to defendant a bill of sale of fifteen horses, harnesses and buggies and other property in his livery stable on Rice street in St. Paul. The bill of sale was in form absolute, without condition. Its execution was not acknowledged by Ferriss before any officer; but it was on that day filed in the office of the city clerk. Ferriss retained the possession of the property, using it in his livery business. This debt remaining unpaid, defendant on July 29, 1891, demanded and obtained possession of the property under this bill of

sale. Thereafter, on the same day, Ferriss made an assignment under Laws 1881, ch. 148, of all his nonexempt property to Robert R. Dunn, in trust for his creditors. Dunn accepted the trust, but two days after resigned it, and the District Court appointed the plaintiff, the St. Paul Title Insurance & Trust Company, in his stead.

This corporation then demanded the property, and brought this action to recover its value. At the trial, June 16, 1892, defendant offered in evidence the bill of sale, and offered to prove the debt to the bank, and other facts tending to show that the bill of sale was given in good faith, and not for the purpose of defrauding any creditor. The plaintiff objected, and all this evidence was excluded by the court. Defendant excepted to the ruling. The judge then instructed the jury to return a verdict for the plaintiff for the value of the property. This was done. Defendant moved for a new trial, and being denied, appealed.

*William G. White*, for appellant.

The court erred in excluding the bill of sale and evidence as to the good faith of the transaction. If it had been received, plaintiff would have been compelled to show that creditors had no notice of the bill of sale in question. The burden of proof would be upon it to do so. *McNeil* v. *Finnegan*, 33 Minn. 375; *Bank of Farmington* v. *Ellis*, 30 Minn. 270; *Tolbert* v. *Horton*, 31 Minn. 518.

*B. H. Schriber*, for respondent.

. The court was right in refusing to receive the evidence offered. The instrument conferred no rights upon the defendant as against the creditors of B. F. Ferriss. It was intended to be in effect a chattel mortgage, but it was not acknowledged, and therefore was not within the statute. The statute nowhere authorizes or gives effect to the filing of bills of sale in any public office. *Lathrop* v. *Clayton*, 45 Minn. 124; *Dukes* v. *Jones*, 6 Jones, 14; *Thompson* v. *Scheid*, 39 Minn. 102.

The provision of our statute is, that the instrument shall be void as against creditors of the mortgagor, and as against subsequent purchasers and mortgagees in good faith. The words, in good faith, do

not limit the word creditors.   Moreover a creditor is presumed to be a *bona fide* creditor and without notice, and the defendant has at no time alleged or offered to show that any of the creditors of Ferriss had actual notice of the instrument in question.

VANDERBURGH, J.   One Ferriss, now insolvent, executed a bill of sale to Berkey of the personal property in controversy, intended as security for a debt.   It is admitted to be in the nature of a mortgage, though absolute in form, and the conditions are not expressed in it.   It was dated July 10, 1890, and filed as a mortgage in the city clerk's office on the same day, but was never acknowledged. Without deciding the question whether such an instrument should be treated as a chattel mortgage under the statute, so as to make the record constructive notice if duly acknowledged as required, it is enough that it was not acknowledged, and for that reason the filing and record thereof were unavailing.   It would be singular if the holder of such an instrument should be held to be in any better position than a mortgagee in an ordinary chattel mortgage.

On the 19th day of July, 1891, the defendant obtained possession of the property, which had previously been left in Ferriss' possession, and this plaintiff, who had previously been appointed assignee in insolvency of the mortgagor, Ferriss brought this action to recover possession of the property as part of the assets of the insolvent estate.   It becomes necessary to consider the relation of the creditors to the holder of this bill of sale, and the effect of the want of constructive notice provided for by statute in the case of chattel mortgages.   The first section of chapter 39, Gen. St., makes the mortgage void where possession is retained by the mortgagor, and the mortgage is not filed, (though the transaction is *bona fide*,) as against the creditors of the mortgagor and subsequent *bona fide* purchasers or mortgagees in good faith.   It is suggested by plaintiff's counsel that the words "in good faith" limit the preceding words "mortgagees and purchasers," only, and do not apply to "creditors," and, if the mortgage is not filed, it is absolutely void as to them without respect to the question of notice, that is to say, whether they have actual notice that would, during the life of the mortgage,

afford them the same information which the record would disclose or not. The record, because it is notice, is intended to stand in the place of the delivery of the possession, and thus protect parties dealing with the mortgagor in possession of the property from being misled and defrauded by the existence of liens which they can know nothing of. But suppose a creditor deals with and trusts the mortgagor with actual notice of such liens, so that he has all the knowledge the record could afford, it is clear that as to him such notice should be held to take the place of the record, and that the statute has no application to such a case. The question of notice becomes material in determining the rights of creditors in such cases. See *Brown* v. *Brabb*, 67 Mich. 17, 18, (34 N. W. Rep. 403.)

It is true that creditors must become attachment or execution creditors, and their demands established by judgment, in order to enforce them as against mortgagees in such cases, but this is unimportant as respects the question of their previous actual notice.

If the bill of sale in this instance was executed in good faith to secure an honest debt, then it is valid, at least as to all such creditors as had seasonable notice of the same. And it was enough, in the first instance, for the defendant to prove that the bill of sale was given and accepted in good faith, and not for the purpose of defrauding any creditor of Ferriss, as defendant offered to do. And it was error to reject the evidence so offered. If such evidence had been introduced in defendant's behalf, it would then have devolved upon the plaintiff to show that the creditors represented by him, or some of them, belong to that class who are entitled to challenge the validity of the mortgage because of its not having been properly recorded. *Brown* v. *Brabb*, 67 Mich. 32, (34 N. W. Rep. 403;) *Newton* v. *Newton*, 46 Minn. 33, (48 N. W. Rep. 450.)

For the error in rejecting defendant's offered testimony, there must be a new trial.

It is hardly necessary to add that notice, or want of notice, to the assignee is immaterial, as the rights of creditors, as respects mortgages previously executed, must be deemed to be fixed when the assignment is made; but he represents the body of creditors, and by virtue of the authority vested in him under the statute he may as-

sert the same remedies which the creditors are entitled to, and without reducing their demands to judgment. *Chamberlain* v. *O'Brien*, 46 Minn. 80, (48 N. W. Rep. 447;) *Brown* v. *Brabb*, 67 Mich. 24, (34 N. W. Rep. 403.)

Order reversed.

Application for reargument denied May 5, 1893.

(Opinion published 55 N. W. Rep. 60.)