H. W. WRIGHT v. E. S. TANNER and Another.[1]

April 29, 1904.

Nos. 13,934—(27).

**Estoppel.**

The owner of personal property in possession of a third party is not estopped from asserting ownership as against an attaching creditor, when the declarations of title by the party in possession are unknown to the owner.

**Evidence.**

In such case, on the question of ownership, the nature of the possession, declarations of the parties as to title, and relationship of the owner

[1] Reported in 99 N. W. 422.

and party in possession, are competent evidence. *Held* no error in submitting these questions to the jury.

Action of replevin in the district court for Morrison county to recover personal property seized by defendant Tanner, sheriff of that county, as the property of George and John Sencerbox, in an action brought by defendant Robert Blackwood. The case was tried before Baxter, J., and a jury, which rendered a verdict in favor of plaintiff for return of the property and $315 damages for its detention. From an order denying a motion for a new trial, upon condition that plaintiff consent that the verdict for damages be reduced to $100, defendants appealed, assigning as error, among others, the court's refusal to charge the jury as follows:

1. If the jury believe from the evidence that the plaintiff is the owner of the personal property in controversy in this action, still if they believe that the plaintiff permitted George Sencerbox and John Sencerbox, or either of them, to have exclusive possession of said property with the apparent right to exercise the usual acts of ownership over the same by working the horses, trading them, mortgaging them, and using said other property upon the farm, or about other work upon which they were engaged, and having said property assessed to them, or either of them, and if the indebtedness of said George Sencerbox and John Sencerbox to said Robert Blackwood upon which the attachment actions were based, were incurred upon their representations that they were the owners of said property, and said Blackwood relied upon said representations when said indebtedness was incurred, then for the purpose of this action the said George Sencerbox and John Sencerbox will be considered as the owners of said property and your verdict will be for the defendants.

Affirmed.

*Stewart & Brower,* for appellants.

*F. A. Lindbergh* and *Lindbergh & Blanchard,* for respondent.

LEWIS, J.

While residing in Shakopee, Mrs. Sencerbox owned certain personal property, consisting of horses and a farming outfit, which for a num-

ber of years had been in charge of her son George. Respondent, H. W. Wright, a relative, was engaged in the logging business in northern Minnesota, and was the owner of certain horses. In 1899 Mr. Wright and Mrs. Sencerbox, with their families, moved to Duluth, and, for the purpose of carrying on operations, they united their personal property; each owning an undivided one-half interest therein. The sons of Mrs. Sencerbox—George and John—were employed with Mr. Wright in conducting the logging business. In the spring of 1902 the owners put the property, consisting of six horses and certain utensils, in charge of George and John Sencerbox, to be cared for and used by them during the summer season. In pursuance of this purpose the brothers shipped the property, in their own name, to Royalton, where they met appellant Mr. Blackwood, and entered into a contract on July 4, 1902, by which they leased his farm for the period of four years, at the same time purchasing certain personal property from him, for which they gave their note, payable in December, 1902. They remained during the season, carrying on farming operations, and, failing to pay the note when due, Mr. Blackwood attached all of the personal property in their possession; and this action was commenced by Mr. Wright, who, by assignment, acquired the interest of Mrs. Sencerbox, for the purpose of obtaining possession of the property, and to recover damages for its retention.

Appellants defended the action principally upon two grounds: First, that the property in fact belonged to the Sencerbox brothers; and, second, if not, then respondent was estopped from setting up title thereto, for the reason that he and Mrs. Sencerbox had vested her sons with possession, and had permitted them to exercise dominion over it. The evidence relied upon to sustain this defense was, so far as the interest claimed to have been owned by Mrs. Sencerbox is concerned, that she had for a number of years permitted her son George to assume control of and to treat the property as his own; and, so far as Mr. Wright is concerned, that he gave the property into the brothers' control at Duluth, permitting it to be shipped to Royalton in their name, and to handle it as their own. Mr. Blackwood testified that, when he leased them his farm and sold them certain personal property, they represented to him they were men of means, and owned the horses and outfit then in their possession, and that, relying upon such representa-

tions, he entered into the contract. To this the brothers made denial. It also appears that some portion of the property had been listed for taxation in a former year by one of the brothers in his own name, and that upon one occasion one of them had executed a mortgage upon several horses, with Mr. Wright's permission, to that extent treating the property as his own, but it was not shown that Mr. Blackwood had any knowledge of these facts.

The court instructed the jury, among other things, as follows:

> This property has been shown in the evidence to belong to Mrs. Sencerbox, the old lady here, and Mr. Wright. They owned it together in equal shares, but Mrs. Sencerbox is not a party here. Mr. Wright received from her an assignment of all her rights to that property, and the right to recover it back in this action, for the purpose, probably, of saving so many suits. * * * Now, in cases of this kind, upon the question of whether one party is the owner of property or another, all such testimony as has been introduced on the part of the defendant, the sheriff here, as bearing upon that question of ownership, is proper; but, unless that testimony is such as to show that the two Sencerbox boys had obtained that title from Mr. Wright— unless it is sufficient to satisfy you upon that point—then, as a matter of title, you would not be justified in considering it sufficient, as showing title in them.

These instructions were excepted to, and their correctness is the principal question in this case.

There is no evidence in the record which tends to show that either Mrs. Sencerbox or Mr. Wright had any knowledge that the brothers ever had represented to Mr. Blackwood that they owned the property and were treating it as their own while on his farm, if such was the fact. Consequently the doctrine of estoppel can have no application to this case. If the sons were in fact the owners, then, under the evidence, they acquired title from Mr. Wright and Mrs. Sencerbox, and the court was justified in instructing the jury to that effect. In view of the nature of possession and manner of conducting the business between the different parties both before and after the leasing of the farm, appellant was entitled to have the question of ownership submit-

ted to the jury. Appellant insists that this issue was not fairly submitted, but, in our opinion, the jury could not have been misled, when the charge, in its entirety, is considered. The court took the view that the evidence was conclusive that Mrs. Sencerbox and Mr. Wright originally owned this property, and, if the Sencerbox brothers acquired any title to it, it was through such owners. In this the court was correct, and there was no error in the language referred to upon this point. In another part of the charge, not referred to in the assignments of error, in answer to the request of counsel, the court instructed the jury that, in determining the question of ownership, they should take into consideration the fact that the owners put the property in possession of the brothers, with instructions to care for it, and that the stock was actually kept and fed at appellant's farm, and that the jury should consider the fact that they were near relatives.

For the reasons stated, the first request by appellant was properly denied. The damages for retention of the property, having been reduced by the court to $100, are not, under the evidence, excessive, and we find no error in any of the other assignments.

Order affirmed.