FRANK TOUSLEY v. FIRST NATIONAL BANK OF PINE CITY AND R. J. HAWLEY.[1]

April 6, 1923.

No. 23,347.

**Statutory presumption of fraud against creditors rebuttable, not conclusive.**

1. G. S. 1913, section 7011, declaring a sale of personal property, where no change of possession takes place, presumptively fraudulent as to creditors, creates a rebuttable presumption in that respect, becoming absolute only in the absence of evidence that the sale was bona fide, and for value, and without purpose to hinder or defraud creditors.

**No estoppel against purchaser except when facts charge him with notice of seller's acts.**

2. No estoppel arises in such case against the purchaser except upon the appearance of the fact that the seller, who retains the possession, was knowingly permitted and allowed by the purchaser to exercise acts of ownership and as having full power of disposition of the property, or the facts disclosed are such as to charge him with notice of such conduct on the part of the seller.

[1]Reported in 193 N. W. 38.

**When question of striking out inadmissible evidence is discretionary.**

   3. Where questions to a witness indicate that the answers will disclose a conversation had with persons since deceased are not objected to on that ground, the matter of striking the evidence out on motion subsequently made rests in the discretion of the trial court.

**Charge to jury—verdict sustained.**

   4. There was no substantial error in the instructions of the trial court on the subject of estoppel, nor in the rulings on the admission or exclusion of evidence. The evidence supports the verdict.

Action in the district court for Pine county to recover $1,050 for conversion of cows. The case was tried before Searles, J., and a jury which returned a verdict for $484.34. From an order denying their motion for judgment notwithstanding the verdict or for a new trial defendants appealed. Affirmed.

   *Ottocar Sobotka* and *Zollman & Willwerscheid*, for appellants.
   *Edgerton & Dohs*, for respondent.

BROWN, C. J.

Action to recover the value of certain cows alleged to be the property of plaintiff and to have been wrongfully converted to the use of defendants. Plaintiff had a verdict and defendants appealed from an order denying their alternative motion for judgment or a new trial.

The only controversy in respect to the facts centers around plaintiff's alleged ownership of the cows. It appears that one J. W. Tousley, a son of plaintiff, was formerly the owner, and plaintiff claims to have purchased them from him in October, 1919, paying therefor a full consideration, equivalent to their value. At the time of the transaction plaintiff resided with the son, who occupied a rented farm on and in connection with the operation of which the cows were kept. Plaintiff was without a fixed place of abode and lived a part of the time with this and a part of the time with another son who resided in North Dakota. Subsequent to the alleged sale to plaintiff the cows remained on the farm so occupied by the son and were kept and used by him as before the sale, taking the milk produced by the animals and selling and disposing of the same

on the market; this with the permission of plaintiff, who, so far as disclosed by the record, carried on no farming operations on the premises in question or elsewhere.    The year following the sale to plaintiff, in October, 1920, the son mortgaged the cows to the defendant First National Bank.    No question arises as to the execution, and, so far as the bank is concerned, the good faith of the mortgage; it having been given to secure the payment of $600 then loaned to the mortgagor.    Thereafter the son died, leaving the mortgage debt unpaid, and the cows were taken and sold in foreclosure proceedings under the mortgage; the alleged conversion here complained of by plaintiff.

The principal question on the trial, plaintiff's alleged ownership of the cows, was submitted to the jury, in connection with the element of estoppel urged by defendants, and the verdict for plaintiff answered it in his favor.    The trial court approved the verdict by the order denying a new trial, from which the appeal was taken.

It is contended by defendants:    (1)  That there was error in the admission of certain evidence given by plaintiff in support of his claim of ownership, which they insist was inadmissible because a violation of G. S. 1913, § 8378, as a conversation with decedent in his lifetime, or as mere conclusions from such conversations; (2) that, because of the fact that there was no change of possession of the cows at the time of the sale, the transaction was void and plaintiff estopped from asserting title against defendant bank, a subsequent good faith mortgagee; and (3) that there was error in the instructions of the court on the subject of estoppel.

1.    Plaintiff's claim of ownership rests wholly upon a verbal transaction with the son; no writings on the subject were exchanged. The son being dead, evidence from plaintiff of the parol negotiations, or conclusions to be drawn therefrom, was inadmissible under the statute.  Plaintiff was an interested party to the suit and could not thus prove his claim of ownership.    Madson v. Madson, 69 Minn. 37, 71 N. W. 824.    But, whatever evidence plaintiff gave on the point, it was quite brief, was not objected to on that ground as the questions were propounded to him, all of which indicated the character of the evidence sought to be brought out, and the subsequent

motion to strike out came too late and was properly denied; at least it was discretionary with the court whether to strike out or retain the evidence in the case. Watts v. Howard, 70 Minn. 122, 72 N. W. 840; Larson v. Kelly, 72 Minn. 116, 75 N. W. 13. There was no abuse of discretion in the refusal to strike. But aside from the evidence of plaintiff on the subject there was ample in that given by witnesses Wells and Mary Tousley, wife of decedent, to justify the jury in finding a sale of the cows to plaintiff at the time testified to by him. Mrs. Tousley was present at the time; she had no interest in this litigation between plaintiff and the bank; the controversy did not involve any of her legal or other rights, and though the widow of decedent she was not disqualified by the statute from detailing the transaction as had in her presence. G. S. 1913, § 8375, declaring that a husband or wife cannot be examined for or against each other without the consent of the other, has no application to the case. Neither decedent, the husband, nor his estate, nor the interests of the wife were in any way involved in the action, and the inhibitions of the statute do not cover the case.

2. The contention that plaintiff is estopped from asserting title and ownership of the cows as to the bank is predicated on the provisions of G. S. 1913, § 7011, and upon the fact, not controverted, that there was no change in the possession of the animals following the sale or at all, and that decedent remained in possession as before the sale, until his death about a year later; taking and using the milk produced by the cows for the support of his family, and selling and disposing of portions thereof on the market. The point is not sustained.

Upon the facts presented no estoppel arises as a matter of law. The statute invoked creates in such case a presumption of fraud only, thereby casting upon the one claiming under the sale the burden of establishing by a fair preponderance of the evidence the bona fides and good faith of the transaction. If a good faith sale, for value paid, and without purpose to defraud creditors it is as valid as like transactions where actual transfer of possession takes place. The presumption created by the statute is not conclusive.

There being, under the statute, a rebuttable presumption of fraud, the important question on this branch of the appeal is whether it

was overcome by the evidence presented by plaintiff. We have given the matter careful attention, and in the light of the rule that transactions of the kind between near relatives, when the rights of third persons become involved, must be scrutinized closely and with special care. Our conclusion, guided by the rule, is that if the evidence tendered by plaintiff and the witnesses Wells and Mrs. Tousley in support of the sale be worthy of credence, a question for the trial court and jury, it is ample to support and justify the verdict. The trial court and jury accepted the evidence as credible, and there the matter must rest, for we are unable to say that there was clear or manifest error in that view of the fact.

3. There was no substantial error in the instructions to the jury on the issue of estoppel. Defendant requested of the court a charge to the effect that where the true owner of property "allows another to appear as the owner thereof and as having full power of disposition over the property," an innocent third person thereby led into dealing with such apparent owner as the true owner will be protected against the claims of the real owner. The request was granted with the added explanation to the effect that the rule would not apply to the case unless it appeared from the evidence or circumstances disclosed therefrom that plaintiff knowingly permitted J. W. Tousley to appear as the owner of the cows and as having full power of disposition of them.

We find no substantial error in the refusal of the request without the modification. Standing alone the request was perhaps a correct statement of an abstract proposition of law. But to have given it without explanation would have left its application to the facts of the case in some doubt. There is no evidence in the record that plaintiff, subsequent to the alleged sale to him, allowed or permitted decedent to deal with the cows as his property, within the purview of the doctrine of estoppel; no showing that subsequent to the transfer to plaintiff decedent sold, traded or offered to sell or exchange any of them to third persons, to the plaintiff's knowledge or otherwise; in fact the only subsequent act on his part having any tendency in that direction was the execution of the mortgage in question to defendant. But of that plaintiff had no knowledge until after the

death of decedent. He cannot be bound by the mortgage in the absence of notice and acquiescence, or the circumstances disclosed are sufficient to charge him with notice; a situation not here appearing. The mere fact that actual possession of the cows remained with decedent is not sufficient in itself to create an estoppel. 1 Dunnell, Minn. Dig. § 3204; Wright v. Tanner, 92 Minn. 94, 99 N. W. 422; Beebe v. Wilkinson, 30 Minn. 548, 16 N. W. 450; Baker v. Taylor, 54 Minn. 71,.55 N. W. 823; Kiewel v. Tanner, 105 Minn. 50, 117 N. W. 231, 25 L. R. A. (N. S.) 772; Dimond v. Manheim, 61 Minn. 178, 63 N. W. 495; Neubauer v. Gabriel, 86 Wis. 200; Oliver Ditson Company v. Bates, 181 Mass. 455, 63 N. E. 908, 57 L. R. A. 289, 92 Am. St. 428; Staples v. Bradbury, 8 Me. 181, 23 Am. Dec. 494; Reid v. Mayo, 45 La. Ann. 1091, 3 South. 799; Larkin v. Parmelee, 69 Conn. 79, 36 Atl. 1009. Nor does the permission given decedent to dispose of the milk from the cows conclude plaintiff. The purpose thereof, as testified by Mrs. Tousley, was the benefit and welfare of the wife and children. The fact, however, was a pertinent item of evidence for the consideration of the jury in disposing of the bona fides of the alleged sale.

And finally, the charge of the learned trial court, taken as a whole, was a fair presentation of the issues to the jury, and the exceptions thereto reserved by defendants presented no reversible error. The evidence supports the verdict; there were no errors in the admission or exclusion of evidence, and the order appealed from must be and is affirmed.