MACK INTERNATIONAL MOTOR TRUCK CORPORATION v. F. G. BURNS AND OTHERS.[1]

July 6, 1928.

No. 26,729.

**Plaintiff vendee did not rebut presumption that vendor's sale of machines was fraudulent as to his creditors.**

A sale by a vendor of goods or chattels, when there is not an immediate change of possession, is presumed to be fraudulent and void as against creditors of the vendor unless it is made to appear that it was made in good faith and without intent to hinder, delay or defraud such creditors. This presumption is rebuttable. Plaintiff having failed to bear the burden of proof imposed upon it, the adverse findings of the trial court are sustained.

Fraudulent Conveyances, 27 C. J. p. 494 n. 41; p. 574 n. 24, 29; p. 825 n. 86.

---

See note in 24 L.R.A.(N.S.) 1131; 12 R. C. L. 556; 2 R. C. L. Supp. 1455.

[1]Reported in 220 N. W. 560.

Action in replevin in the district court for Hennepin county to recover possession of a gasolene shovel which had been sold to the defendant Burns by the defendant J. J. & M. S. Mergens Company, later sold by Burns to the plaintiff, and then resold to Burns by the plaintiff together with ten of its automobile trucks. There were findings that the defendant Mergens company was the owner of the shovel, and plaintiff appealed from an order, Reed, J. denying its motion for a new trial. Affirmed.

*Jay W. Smith* and *T. M. Thomson,* for appellant.

*Wright & Wright,* for respondent Mergens company.

HILTON, J.

Appeal from an order denying plaintiff's motion for a new trial.

This is an action in replevin to recover possession of a gasolene shovel of the value of $4,000. The action was brought in Hennepin county. The shovel was taken under the writ by the sheriff in Polk county where it had been left by defendant Burns on the farm of defendant Nolan. The case was submitted to and tried by the court on a stipulation of facts, supplemented by short oral testimony covering formal matters.

On April 13, 1926, defendant Mergens company (a copartnership), owner of the shovel, sold it to Burns under a conditional sales contract and turned it over to him on May 1 pursuant thereto. The good faith of this transaction when made is not questioned. The shovel remained in the actual possession of Burns until taken by the sheriff. This conditional sales contract was never filed for record. The purchase price was $6,500, of which $1,000 was paid on delivery and the balance was to be paid in instalments represented by promissory notes.

On April 30, 1926, plaintiff sold to Burns, under a conditional sales contract, ten Mack trucks for $41,150, of which $4,000 was paid on delivery and the balance was represented by promissory notes. This contract was filed for record. On February 1, 1927, Burns was in default on his contract with plaintiff for the purchase price of said trucks, owing thereon the sum of $27,398.80. On that day

Burns was in default on his contract with Mergens company for the purchase price of the shovel in the sum of $4,500 and interest. On that same day plaintiff took from Burns a bill of sale of the shovel and then and there executed to and with Burns a new conditional sales contract wherein and whereby plaintiff agreed to sell to Burns, and Burns agreed to purchase, the same ten Mack trucks and the gasolene shovel for the exact amount Burns owed the plaintiff under the original truck contract of purchase. Burns then paid plaintitff $25 as a down payment and executed 12 promissory notes for the unpaid portion of the contract price, the first of which, for $2,000, became due on April 10, 1927, and the other 11 notes (ranging in amount from $1,160 to $3,000 each) became due monthly thereafter. Burns paid nothing further thereon except the sum of $472.39 on April 16, 1927. The prior contract executed to the plaintiff by Burns was not canceled nor satisfied, and the notes mentioned therein were not returned to Burns. The shovel continued to remain in possession of Burns. Plaintitff did not have actual knowledge of the claim and contract of Mergens company. On June 30, 1927, Burns wrote the Mergens company explaining his hard luck and financial straits, and stated that he could not pay for the shovel and told them to come and take possession of it.

The court, after making findings in effect as above set forth, found that the plaintiff did not purchase said gasolene shovel from defendant Burns in good faith, for value paid, and without intent to defraud his creditors; that Burns never became the owner of the shovel, never acquired title to the same, and had no right to sell, assign or encumber it in any manner. The court also found as conclusions of law that defendant Mergens company was entitled to judgment and decree adjudging that it was the owner of the shovel, free and clear from any right, title or interest of the plaintiff and of the defendants Burns and Nolan, and that defendant Mergens company should have judgment for costs and disbursements.

The only question here is as to whether the findings of fact last above recited are supported by the evidence and the conclusions of law necessarily following therefrom are correct.

Plaintiff contends that the legal effect of the bill of sale given by Burns to it and the conditional sales contract given by plaintiff to Burns was to give plaintiff a chattel mortgage on said shovel to secure a pre-existing indebtedness, the consideration of which was an extension of the time of payment of said indebtedness, and that the Mergens company's conditional sales contract with Burns was void for the reason that it had not been filed.

Construing G. S. 1923, §§ 8345, 8360 and 8467, it was incumbent upon plaintiff here, the shovel having been in the continuous possession of Burns, to prove the bona fides and good faith of its transaction on February 1, 1927, and that there was value emanating from plaintiff to Burns therefor. This court held in Glasser v. O'Brien, 172 Minn. 355, 215 N. W. 517, that G. S. 1923, §§ 8345 and 8467, are not antagonistic to nor inconsistent with the uniform fraudulent conveyance act (G. S. 1923, §§ 8475-8489). Every sale by a vendor of goods or chattels when there is not an immediate change of possession is presumed to be fraudulent and void as against creditors of the vendor unless it is made to appear that it was made in good faith and without intent to hinder, delay or defraud such creditors. This presumption is rebuttable. See Tousley v. First Nat. Bank, 155 Minn. 162, 193 N. W. 38; Glasser v. O'Brien, 172 Minn. 355, 215 N. W. 517.

In order to recover in this action, it was therefore incumbent upon the plaintiff to prove the bona fides and good faith of the transaction under the circumstances stated. Burns was seriously involved financially, had for a long time been heavily in default in his payments to plaintiff. He had in his possession this shovel, valued at $4,000. No evidence was offered on the part of the plaintiff as to any inquiry made of Burns or anyone else relative to the possession of the shovel, from whom it had been obtained, how much had been paid for it, how much, if any, was still unpaid, whether it was clear from liens, nor that any search had ever been made of the records to ascertain that fact. Plaintiff having wholly failed to bear the burden of proof imposed upon it, the findings of the trial court were justified and the conclusions reached therefrom are correct.

Order affirmed.