# J. E. FINNERTY v. MARY GERLACH.[1]

## February 21, 1929.

## No. 27,021.

See note in 24 L.R.A.(N.S.) 1131; 12 R. C. L. 556; 2 R. C. L. Supp. 1455.
See note in L. R. A. 1915D, 856; 11 R. C. L. 84; 2 R. C. L. Supp. 1202.

*R. F. Schroeder,* for appellant.
*Schmitt, Moody & Schmitt,* for respondent.

[1]Reported in 223 N. W. 683.

434

Hilton, J.

Appeal from an order denying defendant's alternative motion for judgment notwithstanding the verdict or for a new trial and from a judgment.

Action in replevin to recover possession of the property hereinafter referred to. The case was tried in the municipal court of St. Paul to a jury. Verdict was in favor of plaintiff.

For more than seven years prior to his death, one Tuttle was the owner and in possession of a houseboat and certain appurtenances thereto, together with the furniture, tools and other personal property therein. This houseboat was used by him as a place of residence and was fastened to the bank of the Mississippi river in St. Paul. A year and a half before his death he sold to plaintiff, for a full and valuable consideration, the property in question and gave him a properly executed bill of sale therefor. This bill of sale was not filed for record but was placed in a safety deposit box in a local bank. By agreement between the parties, Tuttle retained continuous possession of the property. He died on June 30, 1927. The next day, plaintiff interviewed the undertaker who then had the body for burial at his undertaking establishment and on that day was endeavoring to have plaintiff pay one-half of the funeral expenses.

At that interview, in the presence of Wedin, an associate of the undertaker, plaintiff told them both that he was the owner of the property here involved and had a bill of sale therefor. This is admitted. Plaintiff testified in addition thereto that at the time of the interview he showed both of them the bill of sale. The undertaker petitioned the probate court on July 6, 1927, for the appointment of a special administrator of Tuttle's estate, and upon that petition he secured the appointment of Wedin as such on July 8. Wedin had the property appraised. With full knowledge of plaintiff's claim of ownership of the property and on July 12, Wedin sold it to defendant for $100. Plaintiff made demand upon her for it, which demand was refused and this action commenced. The

, only question involved is as to who is entitled to possession of the property.

■ G. S. 1923, § 8467, provides as follows:

"Every sale by a vendor of goods and chattels in his possession or under his control, and every assignment of goods and chattels, unless the same is accompanied by an immediate delivery, and followed by an actual and continued change of possession of the things sold or assigned, shall be presumed to be fraudulent and void as against the creditors of the vendor or assignor and subsequent purchasers in good faith, unless those claiming under such sale or assignment make it appear that the same was made in good faith, and without any intent to hinder, delay, or defraud such creditors or purchasers. The term 'creditors,' as herein used, shall include all persons who are creditors of the vendor or assignor, at any time while such goods and chattels remain in his possession or under his control."

This statute was given as part of the charge to the jury.

The statute above quoted creates only a presumption of fraud. It casts upon the one claiming under the sale the burden of establishing the bona fides and good faith of the transaction by a fair preponderance of the evidence. It is as valid as like transactions where actual transfer of possession takes place if the sale is one in good faith for value paid and without purpose to defraud one entitled to the protection of the statute. Tousley v. First Nat. Bank, 155 Minn. 162, 193 N. W. 38; Glasser v. O'Brien, 172 Minn. 355, 359, 215 N. W. 517; Wilson v. Walrath, 103 Minn. 412, 115 N. W. 203, 24 L.R.A.(N.S.) 1127. Plaintiff amply bore the burden of proof. The bill of sale recited a consideration of one dollar and other valuable considerations. Plaintiff testified that he paid the dollar, and the record sufficiently shows that plaintiff, in addition thereto, released Tuttle from a debt of $150 which he owed plaintiff for cash advanced and for groceries and fuel furnished. This he told the undertaker and Wedin. There was a full and valuable consideration paid, and the transaction was in good faith. There was no intention to defraud. The relinquishment of a pre-existing

436

debt is a valuable consideration. E. S. Woodworth & Co. v. Carroll, 104 Minn. 65, 112 N. W. 1054, 115 N. W. 946; Aretz v. Kloos, 89 Minn. 432, 95 N. W. 216, 769; 20 Cyc. 497; 27 C. J. 534.

As between Tuttle, the vendor, and plaintiff, the vendee, the bill of sale operated as a complete transfer of title to plaintiff of all the property described therein. In order for the probate court to have effective jurisdiction here, Tuttle must have owned property to be probated. As a matter of fact he did not. So far as the record discloses, the property here involved was all that he had. The administration of the estate of a deceased person is a proceeding in rem. Jurisdiction is not obtained if there are no assets within the territorial jurisdiction of the probate court. In re Estate of Eklund, 174 Minn. 28, 218 N. W. 235; Fitzpatrick v. Simonson Bros. Mfg. Co. 86 Minn. 140, 146, 90 N. W. 378; Fridley v. Farmers & M. Sav. Bank, 136 Minn. 333, 162 N. W. 454, L. R. A. 1917E, 544; 3 Dunnell, Minn. Dig. (2 ed.) § 3558(b), and cases cited.

The charge of the court sufficiently covered the situation. Plaintiff was entitled to recover possession of the property.

Affirmed.