## CHARLES M. DREW v. M. A. FEUER.[1]

December 31, 1931.

No. 28,675.

[1]Reported in 240 N. W. 114.

134

*Drew & Cain,* for appellant.
*Sam J. Levy,* for respondent.

STONE, J.

Replevin for an automobile, wherein the trial without a jury resulted in a decision for defendant Feuer, who is the only real defendant. He will be referred to accordingly. There was no motion for new trial, and plaintiff's appeal is from the judgment.

There has been a commendable effort by court and counsel to simplify the record. It consists only of the findings of fact, conclusions of law, and order for judgment. In March, 1929, one Hackl was doing a retail automobile business in Minneapolis under the trade name of Selby Lake Motor Sales Co. In his employ as sales manager was one Wilcox. March 9 Hackl sold to Wilcox the involved automobile, an Oakland coach. The transaction was evidenced by a conditional sales contract. It was promptly filed for record in the office of the city clerk of Minneapolis pursuant to the statute hereinafter considered. Hackl, the vendor, immediately assigned the contract to plaintiff, the assignment being filed for record at once. Wilcox "never applied for, nor received from the state of Minnesota any license for the driving, use or operation of said motor vehicle." Apparently he never took possession of it. April 10, 1929, Hackl "in due course of business, sold said automobile to the defendant herein," who purchased it "new, while the same was on the display floor of said Selby Lake Motor Sales Company, for sale in the ordinary and regular course of business," while in the vendor's possession. Defendant bought in good faith, without actual notice of the Wilcox contract, and for full value. Immediately he had the car registered and paid the license tax thereon. After default in the Wilcox contract, neither he nor Hackl having kept up the payments, plaintiff, as assignee of Hackl, instituted this action. There is no finding that the conditional sales contract from Hackl to Wilcox was colorable, made with fraudulent intent, or

otherwise questionable. The good faith of plaintiff in taking and paying for the assignment thereof is not questioned.

Defendant claims "as an innocent purchaser, in good faith, in due course of business, and from a retail vendor of said automobile entitled to sell and dispose of the same." This language from it indicates the ground upon which the learned trial judge put his decision. He was "of the opinion that the notice conveyed by the record is not and should not be intended to put the buyer of a new article out of the seller's shop on inquiry to determine whether or not such an article has been encumbered by the owner."

■ There is nothing in our statutes for the taxation of automobiles and requiring their registration and licensing, as conditions precedent to the right to use them on our highways (G. S. 1923, § 2675, et seq. as amended, 1 Mason, 1927, id.) which exempts conditional sales contracts on automobiles from the ordinary effect of the recording acts.

■ As they stand now, we cannot say that the findings support the conclusions of law and resulting judgment. This state has not adopted the uniform conditional sales act, but our statutes provide for the filing for record of conditional sales contracts. G. S. 1923 (2 Mason, 1927) § 8360. When properly filed, they become full and sufficient "notice to all parties interested of the existence and conditions thereof" for six years from the date of filing. §§ 8361, 8362. There being nothing in the findings to impugn the good faith of the conditional sales contract held by plaintiff, we must hold on the case as it stands that the latter is protected by the statute. 5 Dunnell, Minn. Dig. (2 ed. & Supp.) § 8655. A case to the contrary is Gump Inv. Co. v. Jackson, 142 Va. 190, 128 S. E. 506, 47 A. L. R. 82. (For annotation of this case and review of the authorities, see 47 A. L. R. 85; the point now under consideration is treated on pages 104, 105.) We cannot follow it because we do not feel at liberty to create by construction an exception from our statute which its plain language does not permit.

■ But there is another statute, a provision of the uniform fraudulent conveyances act, which was not brought to the attention

of the court below. It is G. S. 1923 (2 Mason, 1927) § 8467, and provides:

"Every sale by a vendor of goods and chattels in his possession or under his control, and every assignment of goods and chattels, unless the same is accompanied by an immediate delivery, and followed by an actual and continued change of possession of the things sold or assigned, shall be presumed to be fraudulent and void as against the creditors of the vendor or assignor and subsequent purchasers in good faith, unless those claiming under such sale or assignment make it appear that the same was made in good faith, and without any intent to hinder, delay, or defraud such creditors or purchasers."

In the event of a new trial, which we find necessary, the burden thus imposed by statute upon plaintiff must be borne successfully if he is to prevail. The good faith of his assignment will not help him unless he can also establish the good faith of the sale from Hackl to Wilcox and the absence therefrom of "any intent to hinder, delay, or defraud" the creditors of Hackl or purchasers from him. See Secord v. N. W. Tire Co. 159 Minn. 473, 199 N. W. 84; Glasser v. O'Brien, 172 Minn. 355, 215 N. W. 517; Mack Int'l M. T. Corp. v. Burns, 175 Minn. 157, 220 N. W. 560.

For plaintiff is stressed G. S. 1923 (2 Mason, 1927) § 8398 (uniform sales act, L. 1917, p. 767, c. 465, § 23) providing:

"Where goods are sold by a person who is not the owner thereof, and who does not sell them under the authority or with the consent of the owner, the buyer acquires no better title to the goods than the seller had, unless the owner of the goods is by his conduct precluded from denying the seller's authority to sell."

That section should be read in connection with § 8400, providing that where a person having sold goods continues in possession thereof "the delivery or transfer by that person * * * of the goods * * * under any sale * * * to any person receiving and paying value for the same in good faith and without notice of the previous sale, shall have the same effect as if the per-

son making the delivery or transfer were expressly authorized by the owner of the goods to make the same."

We need not now determine the effect of these sections nor the extent to which they are qualified by the saving clause of § 8398, which exempts "recording acts" from the effect of the uniform sales act. All else aside, under § 8467, above dealt with, plaintiff cannot recover unless he meets successfully the burden thereby imposed upon him.

There must be a new trial. It is to be hoped that not much additional evidence will be needed.

Judgment reversed.

