# HOLT MOTOR COMPANY v. R. C. A. PHOTOPHONE, INC. AND ANOTHER.[1]

February 28, 1936.

No. 30,705.

*R. F. Schroeder* and *F. M. Butler,* for appellant.
*John C. DeCourcy,* for respondent.

[1]Reported in 265 N. W. 313.

I. M. Olsen, Justice.

The Holt Motor Company, plaintiff herein, sold to one Irving Gillman, under a conditional sales contract, at its place of business in this city, a new Chrysler automobile. Gillman traded in an old car and paid part of the purchase price of the new car. Under the conditional sales contract plaintiff reserved title to the car until the payments therein provided for, amounting to $672, should be made. The transaction was completed in the afternoon of April 10, 1934, and a new car was delivered to Gillman. The conditional sales contract was not filed on that day as required by statute. At about 6:30 p. m. that same day the defendant George H. Moeller, sheriff of Ramsey county, under an execution issued out of the district court upon a judgment theretofore obtained against Gillman by the defendant R. C. A. Photophone, Inc., levied upon the Chrysler automobile then in the possession of Gillman. The sheriff thereafter sold the automobile to a third person on execution sale, and this action was brought to recover in conversion, plaintiff basing its claim on its conditional sales contract. The court ordered judgment for plaintiff for the recovery of the $672 unpaid on the conditional sales contract, with interest. The defendant company is not a party to the appeal, which is taken by the defendant Moeller alone. The defendant company was not served with summons and did not appear. Defendant Moeller appeals from an order denying his motion to amend the findings and conclusions of law, and, in the alternative, for a new trial, the case having been tried before the court without a jury.

A number of assignments of error as to the court's findings are presented. Only one of these assignments appears to be now important. The trial court found:

"On, and before, the time of the aforesaid levy under said execution, said judgment creditors, the R. C. A. Photophone, Inc. had actual notice and knowledge of said conditional sales contract and of the plaintiff's title to and lien upon said Chrysler automobile, to secure payment of the balance of the purchase price thereof. Under the evidence the judgment creditor is chargeable with such notice

and knowledge. The burden of proof rested upon the defendant to show the good faith of the judgment creditor and that it acted in ignorance of plaintiff's rights."

That finding is challenged as not sustained by the evidence. The court found that the transaction between plaintiff and Gillman for the sale of the new car was in entire good faith by the parties thereto and without intention to hinder, delay, or defraud any creditor or creditors of either, and without actual notice or knowledge on the part of the plaintiff of the existence of said judgment against Gillman. That finding is not challenged. The court also found that the transaction between plaintiff and Gillman for the purchase of the Chrysler automobile was completed between four and five o'clock in the afternoon of April 10; that Gillman was a resident of Minneapolis, and that it was too late to get said conditional sales contract on file in the proper office in Minneapolis during the business hours of that day; that the execution issued against the property of Gillman was issued on the same day, April 10, 1934. It is further found that on April 11, 1934, the plaintiff caused to be served on the defendant Moeller, as sheriff, an affidavit setting forth its rights to and interest in the property levied upon, and demanded possession thereof; that thereupon the defendant company furnished to the sheriff an indemnity bond, and the sheriff retained possession of the car under said levy, and thereafter sold it, as stated.

■ The conditional sale here in question is governed by 2 Mason Minn. St. 1927, § 8360, reading as follows:

"Every promissory note or contract of sale, conditioned that the title to the property for or on account of which the same was given shall remain in the vendor, shall be void as to creditors of the vendee and subsequent purchasers and mortgagees of such property in good faith, unless the note or contract, or a copy thereof, or if the contract be oral, a memorandum, signed by the purchaser and expressing its terms and conditions, be filed as in the case of a chattel mortgage."

This contract was not so filed at the time the sheriff levied upon the property. After the levy was made there was no special object in filing the contract.

The court, as already noted, found that the plaintiff and Gillman, in the transaction between them for the sale of the said automobile to Gillman, acted in good faith and without intent to hinder, delay, or defraud the creditors of either. The court also found that the defendant company had actual notice and knowledge of, and was chargeable with notice of, the plaintiff's title and lien under its conditional sales contract. The question is whether that finding of the court is sustained by the evidence. The statute makes a conditional sales contract, not filed, void as against creditors of the vendee and subsequent purchasers and mortgagees of such property in good faith. If the creditor, before he levies on the property, has actual notice of the conditional sales contract, the levy does not void the contract.

■ The burden of proof in such a case has some bearing on the question of the sufficiency of the evidence to sustain the challenged finding of the trial court. Generally speaking, the burden of proof rests upon the party claiming the benefit of a statutory provision to show that he comes within its terms and is entitled to such benefit. It is well settled that, in the absence of a statute requiring the filing of a conditional sales contract or making the contract void if not filed, such a contract entered into in good faith upon a sale of an article of personal property, reserving title in the vendor until the balance of the purchase price is paid, is good and valid not only against the parties to the transaction but also against third persons. 55 C. J. § 1229, pp. 1233-1235, and long list of cases cited in note 20 on pp. 1234, 1235. When the statute then comes into operation and makes an unfiled conditional sales contract void against creditors of the vendee and subsequent purchasers and mortgagees of the property in good faith, it would seem that the statute, reasonably construed, places the burden upon the creditor or purchaser to show want of notice of the outstanding conditional sales contract. This appears to be the rule also as to chattel mortgages, that creditors seeking to take advantage of want of filing have the

burden of proving their own good faith, and subsequent mortgagees have the burden of proving good faith as against prior unfiled mortgages. 2 Mason Minn. St. 1927, § 8345; McNeil v. Finnegan, 33 Minn. 375, 23 N. W. 540; Mullen v. Noonan, 44 Minn. 541, 47 N. W. 164; St. Paul Title I. & T. Co. v. Berkey, 52 Minn. 497, 55 N. W. 60; Nickerson v. Wells-Stone Merc. Co. 71 Minn. 230, 73 N. W. 959, 74 N. W. 891. In Mack International Truck Corp. v. Burns, 175 Minn. 157, 220 N. W. 560, we held that, where a vendee in possession of personal property under an unfiled conditional sales contract sold the property, the burden of proof rested on the purchaser to show that he was a purchaser in good faith. The same rule should apply to a creditor who attaches or levies upon the property. The plaintiff having established, as found by the court, its own good faith in entering into the conditional sales contract, was not required to assume the further burden of proving that defendant company had actual notice of the conditional sales contract.

■ The defendant made no attempt to prove good faith or want of notice as to the defendant company. In any event, the finding of the court that the defendant company had actual notice appears to be reasonably sustained by the evidence. There is no direct evidence of any such notice, but the circumstances surrounding the transaction and the situation on April 10, 1934, seem to lead to a reasonable inference that the defendant company must have had information as to the nature of the sale here in question. This was a new automobile, sold by a regular automobile dealer. One who levied upon or purchased from the vendee at such a sale, within a couple of hours after the sale was made, would ordinarily suspect, at least, that the vendor had some lien or interest in the car so sold and would make inquiry. We take it that not many cars are sold for entire cash payment on the same day that the sale is completed. Again, there was placed on file in the secretary of state's office a license application, or what is referred to as a bill of sale from the motor company to Gillman, wherein it was stated that the sale was subject to and under a conditional sales contract. Taking into consideration the promptness of the getting out of an execution on the same day and the levy of the execution within two or

three hours after the sale was made, someone connected with the defendant company must have had some information about the sale taking place, and the defendant company, knowing that it had a judgment against Gillman which had not been collected, must have known that Gillman was not in a financial position to pay cash for a new car. These circumstances would justify a reasonable inference by the trial court that the defendant company had actual knowledge of plaintiff's conditional sales contract. With that finding of the court sustained, it is not necessary to discuss other alleged errors. That finding, permitted to stand, is decisive of plaintiff's rights here.

The order appealed from is affirmed.