## HAROLD J. SLAWIK v. HARLEY CHRISTENSEN AND OTHERS.
## PETER VOCOVICH, APPELLANT.[1]

February 21, 1941.

No. 32,632.

[1]Reported in 296 N. W. 496.

*Samuel Saliterman* and *Max Rotenberg,* for appellant.

*Kyle & Kyle* and *Allen I. Nilva,* for respondent.

JULIUS J. OLSON, JUSTICE.

Replevin in the conventional form to recover possession, or its value if possession could not be had, of an automobile sold under conditional sale contract and assigned to plaintiff. The answer was a general denial. After dismissal as to all defendants at the close of the trial except Vocovich, the latter appealed from a judgment entered pursuant to a directed verdict for plaintiff.

The record establishes the following facts: Harold J. Slawik, Inc. is an automobile dealer. It sold a Plymouth car to defendant Harley Christensen upon his written application for its purchase. The application was presented to the vendor by E. M. Christensen, a brother of Harley's and one of the owners of a motor company at New Brighton, a copartnership, of which Harley was not a member. As such original owner and vendor, Slawik, Inc. took from Harley a conditional sale contract payable in monthly installments, E. M. Christensen guaranteeing performance by executing the same with his brother. The automobile was delivered to the Christensens, who registered it in the name of Harley. The contract with the assignment was promptly filed in the appropriate office and remained there. Later the car was sold by the Christensens to one Stang. To change the official registration from Harley to Stang, the assignment and transfer found on the reverse side of the registration card were duly executed and acknowledged by Harley. Thereby Stang obtained registration in his own name. Later, Stang sold the car to Vocovich. Both Stang and Vocovich acted in good faith in that neither had actual knowledge of the conditional sale contract or its assignment. Neither of them "made any investigation whatever as to conditional sales contracts or encumbrances against the car." There was default in installment payments. When this action was brought the unpaid

balance was $484 and interest. The price of the car, including finance charges and insurance, was $750.73.

The court was of opinion that inasmuch as the sale contract had been promptly filed in the appropriate office it constituted constructive notice to all the world, hence that "Stang took his legal title from Harley Christensen and was chargeable with notice of" its existence, and that "Vocovich, who purchased from Stang, would likewise be chargeable with the same notice."

Errors relied upon for reversal are: (1) That "plaintiff's motion for a directed verdict" should not have been entertained "before the plaintiff rested unconditionally"; (2) that it was error in any event to grant the motion; and (3) that the court "erred in denying the motion of the defendant * * * for a new trial."

The first two assignments may be considered together.

■ The first assignment is wholly without merit since the record shows that defendant's counsel said (R. p. 104): "The defendant rests, Your Honor." No effort was made later for leave to reopen his case for any purpose. Nothing in the way of further evidence was suggested. Plaintiff then asked leave to rest provisionally for the purpose of making a motion for a directed verdict but with leave to reopen if that should be denied. The court granted leave to do so. After discussion on the part of counsel the court granted the motion.

The facts recited obviously establish the soundness of the court's disposition of the case. 2 Mason Minn. St. 1927, §§ 8360-8362. "There being nothing" in the evidence "to impugn the good faith of the conditional sales contract held by plaintiff, we must hold on the case as it stands that the latter is protected by the statute." Drew v. Feuer, 185 Minn. 133, 135, 240 N. W. 114, 115.

■ The third assignment is wholly inadequate. No grounds for new trial are stated; therefore no question of law is raised. An omnibus assignment is unavailing, since it is the duty of counsel to put his finger on the specific error upon which he relies. When an assignment is so general and indefinite as not to indicate the specific error claimed the result is a mere evasion of the rule.

1 Dunnell, Minn. Dig. (2 ed.) § 360, and cases under notes 94 and 96.

Judgment affirmed.